PEOPLE v. COLLINS

1. CRIMINAL LAW—PROBATION—REVOCATION—SENTENCING COURT.
   The term "sentencing court", as used on the statute empowering
   the sentencing court to revoke or terminate probation
   previously granted, means the forum in which defendant was
   sentenced to probation; there is nothing in the statute requir-
   ing revocation proceedings to be conducted before the same
   judge who originally ordered probation (MCLA § 777.4).

2. JUDGMENT—VACATION—COURT RULES—"ABSENT".
   A circuit judge appointed to serve as a recorder's court judge
   was "absent" from recorder's court within the meaning of the
   court rule providing that no judgment or order shall be set
   aside or vacated by any circuit judge except the one who
   made the judgment or order unless he is absent, where he had
   returned to the duties of his own circuit (GCR 1963, 529.2).

3. CRIMINAL LAW—PROBATION—VIOLATION—CHARGES—NOTICE.
   Disparity between the charges in the notice of probation viola-
   tion and the charges of which defendant appears to have been
   convicted requires reversal.

Appeal from Recorder's Court of Detroit, Robert
J. Colombo, J. Submitted Division 1 June 15, 1970,
at Detroit. (Docket No. 7,027.) Decided July 31,
1970.

Malcolm Collins was placed on probation after be-
ing found guilty of possession of a motor vehicle
known to be stolen. Defendant was found guilty of

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  21 Am Jur 2d, Criminal Law § 563 et seq.
[3]  21 Am Jur 2d, Criminal Law § 568.

violating his probation order, his probation revoked and he was sentenced to prison. Defendant's motion to vacate sentence denied. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Lawyer, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*George C. Parzen (Edward Grebs,* of counsel), for defendant.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. On August 31, 1967, defendant Collins was convicted of possession of a motor vehicle known to be stolen, MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954), by the Honorable Charles Kaufman, Wayne County Circuit judge, then sitting in the Recorder's Court for the City of Detroit.** Defendant was placed on probation by Judge Kaufman for a term of five years.

On February 27, 1968, a notice of probation violation was filed in Recorder's Court and a warrant was issued for defendant's arrest. The notice of violation charged that Collins had violated the terms of his probation as follows:

"1. The defendant has failed to report as directed.
"2. He has moved without informing this officer."

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

** Judge Kaufman was appointed to serve as a Recorder's Court judge by order of the Supreme Court (No 4971) on August 3, 1967.

Defendant was subsequently arrested and on June 17, 1968 a hearing on the alleged violations was held before Recorder's Court judge Robert J. Colombo.

At the outset of the hearing, Judge Colombo announced:

"Let the record indicate that this court is acting for and in the absence of the Honorable Charles Kaufman, a visiting judge who handled this matter originally * * * .

"Let the record further indicate that I am the Presiding Judge Pro Tem of this court at this time and am charged with handling all matters for and in the absence of all visiting judges during the period of time that I am sitting as Presiding Judge Pro Tem of Recorder's Court."

Defendant with the assistance of counsel stood mute and a plea of not guilty was entered. Thereupon, the testimony of James Burnett, defendant's probation officer, was received; at the conclusion of the hearing, defendant was found guilty of violating his probation order. Judge Colombo revoked the prior order of probation and sentenced defendant to prison for a term of 7-1/2 to 10 years.

On August 9, 1968, defendant filed a motion to vacate sentence, assigning as a reason therefor: "Because the Honorable Robert J. Colombo had no jurisdiction to impose sentence, inasmuch as the sentencing judge was Charles Kaufman, who was not incapacitated and was available to hear the above matter * * * ." Defendant requested that he be given a new hearing before Judge Kaufman. Defendant also urged that his probation had been revoked for reasons unrelated to the charges contained in the notice of probation violation.

Defendant's motion was denied and he appeals. The first question presented is whether Collins had a legal right to be heard on the alleged probation vio-

lations before Judge Kaufman, the judge who had sentenced defendant to probation. It is defendant's position that only Judge Kaufman could lawfully revoke the original order of probation.

Defendant cites MCLA § 771.4 (Stat Ann 1954 Rev § 28.1134) in support of his position. This statute empowers the "sentencing court" to revoke or terminate probation previously granted. Defendant suggests that the term "court" is limited to the specific judge, here Judge Kaufman, who initially ordered probation. We do not so construe the term. As we read the statute, the term "sentencing court" means the forum, i.e., Recorder's Court, in which defendant was sentenced to probation; the term court is not a reference to any specific judge. Cf. People v. Genesee Circuit Judge (1924), 227 Mich 538. Accordingly, we find nothing in the statute requiring revocation proceedings to be conducted before the same judge who originally ordered probation. All the statute demands is that the forum be the same. Such procedure was admittedly employed in the instant case.

Defendant also relies on GCR 1963, 529.2, which provides in part:

"No judgment or order shall be set aside or vacated, and no proceeding under a judgment or order shall be stayed by any circuit judge except the one who made the judgment or order unless he is absent or unable to act."

See also GCR 1963, 531. Defendant contends that there is nothing in the record establishing that Judge Kaufman was absent or unable to act. As a result, defendant argues that Judge Colombo could not vacate Judge Kaufman's order of probation. We disagree.

The record indicates that on June 17, 1968, the date of the revocation hearing, Judge Kaufman was

not sitting in the Recorder's Court. Rather, it appears that he had returned to the duties of his own circuit and was acting as a circuit judge for Wayne County. We quote the relevant portion of the colloquy between Judge Colombo and defendant's counsel on the motion to vacate sentence:

"*Mr. Parzen:* In this case your Honor, the defendant was found guilty  *  *  * by Judge Charles Kaufman, a Wayne circuit judge appointed by the Supreme Court to hear matters in the recorder's court.

"*The Court:* Yes, but he wasn't regularly sitting in recorder's court.

"*Mr. Parzen:* His appointment has not been revoked.

"*The Court:* On June 17, 1968. His appointment might not have, but he wasn't regularly sitting in this court on that day. He was a member of the Third Wayne Judicial Circuit Court.

"*Mr. Parzen:* That is right."

We hold that under the circumstances Judge Kaufman was "absent" within the meaning of Rule 529.2. It follows that the rule has no application to the facts of this case.

We conclude that defendant Collins had no right to insist that Judge Kaufman preside at the revocation hearing. On the facts presented, neither statutory provision nor court rule supports such a claimed right. Defendant's first contention must fail. *Cf. People* v. *McKinley* (1966), 5 Mich App 230.

Defendant next reiterates his contention that the order of probation was revoked for reasons unrelated to the charges alleged in the notice of violation. With this contention we agree.

In *People* v. *Elbert* (1970), 21 Mich App 677, 681, this Court held:

"Only evidence relating to the charge may be considered and on the basis of that evidence alone is the decision whether to terminate or revoke the probationary order to be made."

See also, *People* v. *Sutton* (1948), 322 Mich 104, 111; *People* v. *Davenport* (1967), 7 Mich App 613. After carefully reviewing the transcript of the June 17 hearing, we are convinced that "the disparity between * * * the charges in the notice of probation violation, and the charges of which defendant appears to have been convicted, requires reversal." *People* v. *Davenport, supra,* at p 618.

The order revoking defendant's probation is set aside, the sentence vacated, and defendant is remanded to the custody of recorder's court without prejudice on the part of the court to conduct a hearing after defendant is given a written copy of the probation violation charges that he is required to meet.