PEOPLE v McDONALD

Docket No. 44888. Submitted December 11, 1979, at Detroit.—Decided
    , May 6, 1980. Leave to appeal applied for.

Patrick McDonald was convicted, on his plea of guilty, of criminal
    sexual conduct in the second degree and was placed on proba-
    tion. He was subsequently charged with second-degree murder,
    a charge which has since been dismissed. Upon being charged
    with murder, McDonald's probation was revoked and he was
    sentenced to prison, Recorder's Court of Detroit, Joseph A.
    Gillis, J. Defendant appeals, alleging that he was denied due
    process because the probation revocation was based on conduct
    not charged in the notice of probation violation, that the judge
    erred in not expressly finding that the revocation was in the
    public interest, and that the defendant was entitled to a hear-
    ing before another judge on a motion for disqualification of the
    assigned judge. *Held:*

1. The notice of probation violation charged defendant with
    assaultive behavior. The evidence clearly established that con-
    duct, which so far outweighed the other grounds for probation
    revocation stated by the judge that the statement of those other
    grounds is not considered to be error amounting to a denial of
    due process.

2. It is not necessary for a judge to expressly state that
    revocation of probation is in the public interest. Such a finding
    is implicit in the decision to revoke probation.

3. The trial judge denied the defendant's motion for disquali-
    fication and determined that he was the only judge who could
    hold the revocation hearing. This determination was error.
    However, because the motion for disqualification was not made
    until after preliminary examination and scheduling of the
    revocation hearing, and because the defendant did not request
    that the motion be referred to another judge until after the
    revocation hearing was in progress, the trial judge had the

REFERENCES FOR POINTS IN HEADNOTES ·
[1, 2] 21 Am Jur 2d, Criminal Law §§ 565, 567.
[3] 21 Am Jur 2d, Criminal Law §§ 567, 568.
[4-6] 46 Am Jur 2d, Judges § 204 *et seq.*

option of continuing the hearing. Because a party challenging a judge's qualifications has a right to a rehearing before another judge, the case is remanded for a hearing on the motion for disqualification, and if the trial judge is found to have been disqualified, the defendant shall have a new revocation hearing. If it is determined that the judge was not disqualified, the revocation and sentence will stand.

Remanded.

1. CRIMINAL LAW — PROBATION — VIOLATION OF LAW.

A mandatory statutory condition of every probation order is that the probationer shall not violate any criminal law of the state.

2. CRIMINAL LAW — PROBATION REVOCATION — PUBLIC INTEREST.

It is not necessary for a trial judge to expressly find that revocation of a defendant's probation is in the public interest; such a finding is implicit in the judge's decision to revoke probation.

3. CRIMINAL LAW — PROBATION REVOCATION — JUDGES.

Generally, a probation revocation hearing should be conducted by the same judge who sentenced the defendant to probation; however, there is no requirement that the same judge conduct the hearing, especially if the judge may be disqualified from doing so.

4. JUDGES — DISQUALIFICATION OF JUDGE — HEARING BEFORE OTHER JUDGE — COURT RULES.

An attorney who has made a motion for disqualification of a judge has the responsibility to seek a referral to another judge for a hearing on the motion from the court administrator or chief judge if the challenged judge does not refer the motion to another judge (GCR 1963, 912.3, 925.6, 926.3).

5. JUDGES — DISQUALIFICATION OF JUDGE — TRIAL — HEARING BEFORE OTHER JUDGE.

A judge who has denied a motion for his disqualification has the option of proceeding with the trial or hearing if a request for a hearing on the disqualification motion before another judge comes after the trial or hearing has begun, unless the chief judge or a higher court orders the trial or hearing interrupted for consideration of the disqualification motion by another judge.

6. JUDGES — DISQUALIFICATION OF JUDGE — REHEARING — COURT RULES.

A party challenging the qualifications of a judge who has heard

the case has a right to a rehearing by another judge (GCR 1963, 912).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Dianne M. Odrobina,* Assistant Prosecuting Attorney, for the people.

*Sheldon Halpern,* for defendant.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

PER CURIAM. On June 14, 1977, defendant pled guilty to criminal sexual conduct in the second degree, MCL 750.520c; MSA 28.788(3), and was sentenced to four years probation. In February, 1979, defendant was charged with second-degree murder contrary to MCL 750.317; MSA 28.549. That charge has since been dismissed. Pursuant to the policy of the original sentencing judge, a warrant was issued for probation violation following defendant's arrest on the new felony charge. Defendant's probation was revoked and he received a sentence of 10 to 15 years imprisonment. Defendant appeals from the revocation of probation and sentence.

I

Defendant claims he was denied due process by the trial court's revocation of probation based upon conduct not charged in the written notice of probation violation. On February 28, 1979, a notice of probation violation was issued charging as follows:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"On 2-24-79 at 2:45 AM at the Nugget Restaurant, 14670 E. Eight Mile Rd, Detroit, the defendant engaged in assaultive behavior by striking James Honaker when the latter and his companions failed to vacate a booth as quickly as defendant demanded. During the altercation with defendant and codefendant Michael Whalen, the complainant sustained a stab wound to the chest resulting in his death. (Docket #79-01295, Examination 3-13-79)."

The brief of the defendant-appellant summarizes the widow's testimony at the termination hearing:

"She testified that she observed the defendant walk up to the waitress who was waiting on their table, say a few words, and point in their direction. Then the defendant came up to their booth and asked how long they would be. Her husband replied a few minutes. The defendant then left and minutes later approached the table again. He asked Mr. Honaker if he was having a good time to which Honaker replied 'yes, please leave us alone to finish our coffee'. Words were then exchanged, and according to the witness, defendant then struck Mr. Honaker in the face and knocked his glasses off. Honaker jumped up and a fight began. The two fought for a few minutes and the fight was broken up. Honaker, who had been brought back to the table, picked up his glasses, and threw them, and looking at the defendant said you broke my glasses. The two started fighting and wrestling again and went down on the floor. The next thing she observed was blood all over the floor.

"On cross-examination she further stated that she didn't see any weapon in the hands of her husband or the defendant, that other persons were within arms reach of the two as they were fighting, and that during the course of the second fight she saw another man behind her husband, holding him."

Other witnesses established that the fight result-

ing in Mr. Honaker's death occurred at approximately 2:30 a.m. and that the defendant was accompanied by other members of a motorcycle club of which the defendant had been president prior to being placed on probation. After the hearing the court stated that he found the defendant guilty of assaultive behavior and that he was out at an unreasonable hour in the company of "questionable associates".

The judge was wrong to the extent that he indicated that the late hour and the nature of defendant's companions were grounds for termination of defendant's probation. Although the conditions of probation did include a curfew and restriction upon his associations, the notice of probation violation did not adequately inform defendant that he would be called upon to defend against claims that he was out too late and in bad company.

However, there is no doubt that defendant's probation could properly be revoked for the conduct described in the notice and established by the testimony of the widow and others. A mandatory statutory condition of every probation is that the probationer shall not violate any criminal law of the state. Defendant's conduct was at least an assault and battery.

Because the defendant's assaultive behavior, as set forth in the notice of probation violation, was so clearly established and so outweighed the other grounds stated by the judge it is unnecessary to remand this case for clarification by that judge or to consider his comment regarding additional grounds as reversible error. The clear notice and proof of the outstanding ground for revocation satisfies the requirements of due process.

## II

The answer to defendant's next contention is

succinctly made in the appellee's heading to this section of its brief: "It is not necessary for the trial judge to expressly find that revocation of probation was warranted by the public interest when this was obvious where the defendant was involved in assaultive behavior during probation which resulted in the death of the victim by a stab wound". And it is obvious, we might add, that the judge considered revocation in the public interest from the sentence he imposed.

Although, as stated in *People v Rocha,* 86 Mich App 497, 502; 272 NW2d 699 (1978), probation revocation involves two steps: 1) a factual determination of whether the probationer committed the claimed violation or misconduct and "2) a discretionary determination of whether the violation warrants revocation", neither that case nor any other Michigan case known to us requires an express finding on the record by the court that revocation is in the public interest. Such a finding is implicit in the court's decision to revoke probation.

### III

The final issue on appeal asks whether defendant was entitled to a hearing before another judge on the motion for disqualification of the assigned judge.

Judge Gillis had placed defendant on probation in 1977. On February 24, 1979, defendant was arrested on the second-degree murder charge. He was served with the notice, quoted above, and arraigned on the probation violation charge four days later. Preliminary examination on the murder charge was scheduled for Tuesday, March 13, and defendant was notified that the revocation

hearing would be immediately after the examination. Apparently, the examination was adjourned to the 19th. Defense counsel moved for an adjournment of the revocation hearing, but that motion was denied. On March 15, a motion to disqualify Judge Gillis was filed and brought on for hearing before him. Basically, the motion contends that it was the judge's practice to obtain pleas of guilty by long-term probation sentence-bargains and, if the probationer is later charged with a new crime while on probation, to hold the probationer without bail and conduct a speedy revocation hearing "by appointment of favored counsel minutes before such hearing, by denying probationers the opportunity to prepare a defense, by limiting the proofs presented and by otherwise denying probationers a meaningful day-in-court". Judge Gillis denied the motion "because the statute says I'm the only judge in the State of Michigan that can hold the hearing". Later, after the probation violation hearing had commenced and several witnesses had testified, defense counsel said: "912 indicates if this court denies a motion to disqualify itself, that the matter should then be referred to the Court Administrator who will appoint a judge for the purpose of a hearing". Judge Gillis considered having another judge hear the motion; but, after re-examining the statute, MCL 771.4; MSA 28.1134, Judge Gillis decided that such a hearing was unnecessary.

Support for the trial court's construction of the statute is found in *People v Biondo,* 76 Mich App 155; 256 NW2d 60 (1977), in which a panel of this Court held that a revocation hearing must be held before the original sentencing judge or his successor. There appears to be good reason for such a policy. A trial judge who has placed a man on probation has shown a confidence in the probation-

er's ability to obey the law. He will receive periodic reports from the probation agent and may have a personal concern for the success of the probation. It is appropriate, if revocation must be considered, that the consideration be by the judge who is most acquainted with the matter.

However, a different conclusion was reached in an earlier opinion, *People v Collins,* 25 Mich App 609, 612; 181 NW2d 601 (1970):

"Accordingly, we find nothing in the statute requiring revocation proceedings to be conducted before the same judge who originally ordered probation. All the statute demands is that the forum be the same."

Assuming the correctness of the trial court's interpretation of the statute under ordinary circumstance, it is inapplicable in the face of a motion for disqualification. For example, a person charged with violation of probation might hire a close relative of the judge as his attorney so that the judge is disqualified under GCR 912.2(5). It is possible, although unlikely, that a judge who placed a person on probation has become personally biased against him.

We, therefore, hold that Judge Gillis was in error in determining that by law he must conduct the probation violation hearing even if he is disqualified from doing so. This holding does not end our consideration, however.

Defense counsel made his motion very late, after the preliminary examination and the termination hearing had been scheduled. He did not request that the motion be referred to another judge until after the hearing was well in progress. If a challenged judge does not refer a disqualification motion to another judge, the attorney challenging the judge has the responsibility to seek such a referral

from the court administrator or the chief judge, if there is one; see GCR 1963, 912.3(c), 925.6, 926.2 and 926.3.

GCR 1963, 912.3(a) provides, in part:

"If a motion is not timely filed, untimeliness * * * is a factor in deciding whether the motion should be granted."

It is obvious that motions for disqualification and, if denied, for referral to another judge made after a trial or a probation violation hearing has begun are capable of misuse if the proceedings then being conducted must be halted until the disqualification motion is heard by another judge. For example, in this case defense counsel indicated: "I am prepared to show through statistics that I am correct, not only in this court's record, but this court's record compared to other judges". Such a proceeding could take a considerable time and would cause the adjournment that had been unsuccessfully sought if the probation violation hearing could not continue. We conclude that it was not reversible error for Judge Gillis to continue with the probation violation hearing and the sentence proceedings.

Whenever a challenged judge has denied a disqualification motion and a request for a hearing before another judge comes after a trial or hearing has started the challenged judge should have the option of proceeding with the trial or hearing unless a chief judge or a higher court orders that the trial or hearing be interrupted or delayed so that the disqualification motion may be considered by another judge before the trial or hearing is concluded. If the trial or hearing is continued the disqualification proceedings before another judge would be either rendered moot as untimely or

conducted afterwards if so ordered. If conducted afterwards and the challenged judge is found to be disqualified, a new trial or a new hearing could be held.

The foregoing procedure, although not ideal, seems required to maintain the efficiency of our courts operating with a court rule that imposes no time limit on requests that disqualification motions, denied by a challenged judge, be heard by another judge.

Because we believe a party challenging the qualifications of a judge has a right, under present GCR 1963, 912, to a rehearing by another judge, this case is remanded to the chief judge of the Recorder's Court for a hearing by another judge to be assigned by the court administrator on the motion to disqualify Judge Gillis. If it is determined that Judge Gillis was disqualified to conduct the probation revocation hearing, a new hearing is required; but if it is determined that he was not disqualified, the revocation and sentence will stand.