PEOPLE v CLEMONS

Docket No. 49983. Submitted June 5, 1981, at Detroit.—Decided November 19, 1981.

Defendant, Alvin Tronto Clemons, was convicted, on his plea of guilty, of attempted carrying a concealed weapon by Recorder's Court Judge Harold Hood and sentenced to two years probation. Defendant was subsequently charged with uttering and publishing and convicted, on his plea of guilty, by Judge Clarice Jobes, successor judge to Judge Hood. Defendant received three years probation for this latter offense and his probation period on the attempted carrying a concealed weapon conviction was extended 15 months. On each of these charges, Judge Geraldine Ford had originally been assigned as pretrial judge by blind draw. The cases were reassigned to Judges Hood and Jobes, respectively, for plea disposition and sentencing. Defendant was then arrested and charged with delivery of a controlled substance. This case and the two probationary cases were reassigned from Judge Jobes to Judge Ford by order of the Chief Judge. Judge Ford conducted a probation violation hearing, found defendant guilty and sentenced him to 20 to 30 months on the attempted carrying a concealed weapon offense and to 7 to 14 years on the uttering and publishing offense. Defendant appealed, alleging that Judge Ford lacked authority to conduct the probation violation hearing because she had not conducted the plea dispositions and sentencings of the defendant on the underlying charges. *Held:*

A judge who sentences a defendant to probation retains jurisdiction over the case, and all subsequent proceedings, including revocation of probation, should be handled by that judge or his successor. The pretrial judge, whose involvement in the case terminates upon transfer or other disposition, has no authority to conduct the probation revocation hearing.

Reversed and remanded.

CRIMINAL LAW — PROBATION REVOCATION — JUDGES.

A judge who sentences a defendant to probation retains jurisdic-

tion over the case, and all subsequent proceedings, including revocation of probation, should be handled by that judge or his successor; the pretrial judge, whose involvement in the case terminates upon transfer or other disposition, has no authority to conduct the probation revocation hearing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert J. Sheiko,* Assistant Prosecuting Attorney, for the people.

*Posner, Posner & Posner,* for defendant.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

PER CURIAM. Defendant was convicted, on his plea of guilty, of attempted carrying a concealed weapon, MCL 750.92, 750.227; MSA 28.287, 28.424, by Recorder's Court Judge Harold Hood and sentenced to two years probation. Defendant was subsequently charged with uttering and publishing, MCL 750.249; MSA 28.446, and convicted, on his plea of guilty, by Judge Clarice Jobes, successor judge to Judge Hood. Defendant received three years probation for this latter offense and his probation period on the attempted carrying a concealed weapon conviction was extended 15 months. On each of these charges, Judge Geraldine Ford had originally been assigned as pretrial judge by blind draw. The cases were reassigned to Judges Hood and Jobes, respectively, for plea disposition and sentencing.

Defendant was then arrested and charged with delivery of a controlled substance, MCL 333.7401 *et seq.;* MSA 14.15(7401) *et seq.* This case, and the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

two probationary cases, were reassigned from Judge Jobes to Judge Ford by order of the Chief Judge dated September 20, 1979.

On December 20-21, 1979, Judge Ford conducted a probation violation hearing. Defendant was found guilty and sentenced on January 30, 1980, to 20 to 30 months on the attempted carrying concealed weapon offense and to 7 to 14 years on the uttering and publishing offense. Defendant appeals by right and raises five issues.

The Court finds the first issue to be dispositive. Defendant argues that Judge Ford lacked authority to conduct the probation violation hearing because she had not conducted the plea dispositions and sentencings of the defendant on the underlying charges. We agree.

The applicable statute provides in part:

"It is the intent of the legislature that the granting of probation to one convicted shall be a matter of grace conferring no vested right to its continuance, if, during the period of probation it shall appear *to the satisfaction of the sentencing court* that the probationer is likely to engage in an offensive or criminal course of conduct, or that the public good requires revocation or termination of probation previously granted. All probation orders, therefore, shall be revocable or terminable in any manner *which the court which imposed probation* shall deem applicable, either for any violation, or attempted violation of any condition of probation, * * *." (Emphasis added.) MCL 771.4; MSA 28.1134.

The statute is augmented by GCR 1963, 529.2, made applicable to Recorder's Court by GCR 1963, 11.1 and 785.1(1), which states:

"No judgment or order shall be set aside or vacated, and no proceeding under a judgment or order shall be stayed by any circuit judge *except the one who made*

*the judgment or order,* unless he is absent or unable to act." (Emphasis added.)

Consistent with the foregoing are two Recorder's Court rules. Rule 26 provides in part:

"Whenever a case has been assigned to a Judge *for trial or other disposition,* such Judge shall have *exclusive* jurisdiction to make final adjudication of such case, including retrial or rehearing thereof." (Emphasis added.)

Rule 30 provides in part:

"Whenever a motion for new trial or to vacate sentence *or other proceeding subsequent to a sentence* in any cause tried in this Court is filed * * * and the Trial Judge to which such motion or proceeding should be assigned has been absent from the bench because of illness or other incapacity for at least one term last past the date of filing of such pleading, or in the event any Judge of this Court shall die and there is unusual delay in the appointment or election of his successor, the Clerk of this Court shall notify the Presiding Judge of this Court of such fact by a notice attached to the court file of said cause, any said motion or proceeding shall assign such motion or proceeding to any of the Judges of this Court present and available to accept such assignment on said day * * *." (Emphasis added.)

These authorities reveal an intent that the trial judge or his successor continue to have responsibility for subsequent proceedings. This would include probation violation hearings. The underlying policy is simply to insure that revocation will be considered by the judge who is most acquainted with the matter. *People v McDonald,* 97 Mich App 425; 296 NW2d 53 (1980), *People v Biondo,* 76 Mich App 155; 256 NW2d 60 (1977), *lv den* 402 Mich 835 (1977).

We conclude that a judge who sentences a defendant to probation retains jurisdiction over the case. All subsequent proceedings, including revocation of probation, should be handled by that judge or his successor. The pretrial judge, whose involvement in the case terminates upon transfer or other disposition, has no authority to conduct the probation revocation hearing. Judge Jobes, as successor to Judge Hood on the first charge and as trial judge on the second charge, should have retained jurisdiction over these matters. This conclusion is reached notwithstanding the apparent conflict with Recorder's Court Administrative Order 17.10, dated December 2, 1977.

Reversed and remanded.