PEOPLE v WILLIAMSON

Docket No. 52740. Submitted September 16, 1981, at Detroit.—Decided February 2, 1982. Leave to appeal applied for.

Russell Williamson was convicted, on his pleas of guilty, of assault with intent to do great bodily harm less than murder and felony-firearm, Recorder's Court of Detroit, Samuel C. Gardner, J. At the time of his plea defendant was on probation, having been previously sentenced by a different judge. At the plea-taking, a discussion ensued advising defendant that a guilty plea would constitute a violation of his probationary sentence. Therefore, a plea bargain was proffered whereby his sentence for the probation violation would run concurrently with the sentence he received for the new felony convictions. Defendant later waived a revocation hearing and pled guilty to the probation violation and the court imposed the agreed-upon sentence. At no time did the defendant voice any objection to Judge Gardner's conducting the probation violation proceeding. Defendant appeals, alleging that his plea of guilty to the probation violation must be set aside because the original trial judge, the Honorable Samuel Olsen, did not conduct the proceedings and because the court failed to inform him of his right to confront and cross-examine witnesses at a probation violation hearing. *Held:*

Generally, a probation revocation matter should be heard by the same judge who sentenced the defendant to probation. None of the exceptions to this general rule existed.

Reversed and remanded with instructions.

V. J. BRENNAN, J., dissented. He would hold that it is not error for a trial judge different from the one who placed the defendant on probation to accept a plea of guilty to a probation violation charge in the absence of an objection or a motion to disqualify the judge. He would also hold that a defendant is not entitled to the full panoply of rights set out in the court rules for defendants pleading guilty where the defendant is pleading guilty to a probation violation and that, under the circum-

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 578, 579.

stances, defendant was not denied due process or prejudiced. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — PROBATION — REVOCATION — JUDGES.
   Generally, a probation revocation matter should be heard by the same judge who sentenced the defendant to probation.

DISSENT BY V. J. BRENNAN, J.

2. CRIMINAL LAW — PROBATION — REVOCATION — JUDGES.
   *It is not error for a trial judge different from the one who placed the defendant on probation to accept a plea of guilty to a probation violation charge in the absence of an objection or a motion to disqualify the judge.*

3. CRIMINAL LAW — PROBATION — REVOCATION — DUE PROCESS — COURT RULES.
   *A defendant is not entitled to the full panoply of rights set out in the court rules for defendants pleading guilty where the defendant is pleading guilty to a probation violation (GCR 1963, 785.7).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Rose Mary C. Robinson,* for defendant.

Before: BASHARA, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

J. H. GILLIS, J. On May 7, 1980, in the Recorder's Court for the City of Detroit defendant pled guilty to the charges of assault with intent to do great bodily harm less than the crime of murder and carrying a firearm during the commission or attempted commission of a felony, MCL 750.84, 750.227b; MSA 28.279, 28.424(2). This plea was taken before the Honorable Samuel C. Gardner.

Prior to the guilty plea in the above case, the defendant, on May 15, 1979, had pled guilty before the Honorable Samuel Olsen to the charge of attempted breaking and entering an occupied building with intent to commit larceny therein, MCL 750.110; MSA 28.305. On May 30, 1979, defendant was placed on probation for two years by Judge Olsen.

At the May 7, 1980, plea before Judge Gardner, a discussion ensued advising defendant that a guilty plea would constitute a violation of defendant's probationary sentence imposed by Judge Olsen. Therefore, a plea bargain was proffered defendant whereby his sentence for the probation violation would run concurrently with the sentence defendant would receive for the latest felony convictions.

On May 15, 1980, the date set for sentence, defendant waived the proffered revocation hearing and pled guilty to probation violation in front of Judge Gardner, and the court imposed the previously agreed upon sentence. The defendant did not voice any objection to Judge Gardner's conducting the probation violation proceeding.

On appeal, defendant contends that his plea of guilty to the probation violation must be set aside because the original trial judge, the Honorable Samuel Olsen, did not conduct the proceedings. Defendant argues that both statute and case law mandate that probation violation matters must be conducted by the original judge who imposed the sentence, absent specific exceptions not present in the instant case. We agree.

As stated in *People v McDonald,* 97 Mich App 425, 431-432; 296 NW2d 53 (1980), *vacated on other grounds* 411 Mich 870 (1981):

"A trial judge who has placed a man on probation

has shown a confidence in the probationer's ability to obey the law. He will receive periodic reports from the probation agent and may have a personal concern for the success of the probation. It is appropriate, if revocation must be considered, that the consideration be by the judge who is most acquainted with the matter."

In *People v Collins,* 25 Mich App 609; 181 NW2d 601 (1970), a panel of this Court reached a different result where the original sentencing judge who first placed the defendant on probation was a visiting judge and was no longer sitting by assignment in the Recorder's Court. To the extent that any language contained in the *Collins* case, *supra,* conflicts with this decision, the writer confesses error.

Inasmuch as the guilty plea before Judge Gardner was intertwined in a plea bargain involving a probation revocation, we set . aside defendant's guilty plea and remand this case to the Recorder's Court. The charges of assault with intent to do great bodily harm less than the crime of murder and possession of a firearm are remanded back to Judge Gardner for appropriate proceedings. If there is a violation of probation proceeding arising therefrom, such proceeding must be conducted by Judge Samuel Olsen.

We retain no further jurisdiction.

BASHARA, P.J., concurred.

V. J. BRENNAN, J. *(dissenting).* I respectfully dissent from by colleagues' opinion.

Defendant appeals from his plea of guilty to probation violation and subsequent probation revocation.

On May 15, 1979, defendant pled guilty before Judge Olsen to the charge of attempted breaking

and entering an unoccupied building with intent
to commit larceny. MCL 750.110; MSA 28.305. On
May 30, 1979, he was placed on probation for two
years by Judge Olsen.

Subsequently, defendant was charged with the
crime of assault with intent to commit murder and
possession of a firearm in the commission of a
felony. MCL 750.83, 750.227b; MSA 28.278,
28.424(2). The preliminary examination was con-
ducted before Judge Olsen. Thereafter, the case
was assigned to Judge Gardner.

On May 7, 1980, defendant appeared before
Judge Gardner and, in exchange for a plea and
sentence bargain, pled guilty to the reduced
charge of assault with intent to do great bodily
harm less than murder and possession of a firearm
in the commission of a felony. MCL 750.84,
750.227b; MSA 28.279, 28.424(2). At that hearing,
Judge Gardner recognized that a guilty plea would
cause defendent to be in violation of his probation.
He offered defendant a specific sentence bargain
whereby his sentence by the probation violation
would run concurrently with the sentence for the
felony charge. Defendant accepted the sentence
bargain and pled guilty to the assault and felony-
firearm charges.

On May 15, 1980, the date set for sentencing in
the guilty plea to the assault and felony-firearm
charges, defendant acknowledged that this guilty
plea placed him in violation of his probation. He
waived the proffered revocation hearing and pled
guilty to probation violation. Thereafter, the court
imposed the previously agreed upon sentence to be
served concurrently. The record is clear that at no
time during either the plea hearings or sentence
hearing did defendant voice any objection to Judge
Gardner's conducting the hearings, accepting the

plea to probation violation or imposing the sentences.

On appeal, defendant argues that his plea of guilty to probation violation must be set aside because the original trial judge (Judge Olsen) or his successor did not conduct the proceeding to determine the revocation of his probation. Defendant contends that both case law, court rule and statute mandate that probation violation matters must be heard by the original trial judge or his successor.

Presently, there is a split of authority as to this issue. One panel of the Court has held that a probation violation matter should be heard before the original judge who granted probation; in his absence, a successor of the trial judge must hear and determine the matter. *People v Biondo,* 76 Mich App 155, 160; 256 NW2d 60 (1977).

Conversely, another panel of this Court has held that neither statute nor court rule supports the claimed right that the revocation proceeding be conducted before the same judge who initially ordered probation. *People v Collins,* 25 Mich App 609, 611; 181 NW2d 601 (1970).

However, on this record, it is unnecessary to decide the correctness of either position since defendant failed to bring a motion to disqualify the assigned judge from conducting the proceeding or accepting the guilty plea to probation violation. In absence of a motion to disqualify or an objection placed on the record, I find no error in another judge accepting a guilty plea to probation violation. Further, I find that no prejudice flowed to the defendant from the procedure since the record reveals that the defendant was eager to take advantage of the concurrent sentencing.

In a busy criminal court, such as Recorder's

Court, such accommodations are necessary. The judges of that court work closely in these matters where there are multiple charges pending involving one defendant. In order to dispose of all these pending cases, they are usually assigned to a particular judge for disposition if pleas are offered. Then the entire sentence picture, including possible probation violation penalties, is discussed.

Next, defendant complains that he was not informed of his right to confront and cross-examine adverse witnesses at a probation violation hearing. Defendant argues that the court committed error by not so advising him before it accepted his plea of guilty to probation violation. I am unpersuaded. Defendant is not entitled to the full panoply of rights set forth in GCR 1963, 785.7 before a court can accept a plea for probation violation. The record is clear that defendant was told of his right to a hearing for the probation violation. The defendant stated on the record that he was waiving the hearing. Further, defendant admitted he was guilty of committing the underlying felony forming the basis of the probation revocation. On this record, defendant's due process challenge is without merit. *People v Hardin,* 70 Mich App 204, 208; 245 NW2d 566 (1976).

I would affirm.