PEOPLE v ROSE

Docket Nos. 57632, 58383. Submitted February 10, 1982, at Detroit.—
Decided May 13, 1982.

Kevin M. Rose was convicted of use of amylbarbitol in Recorder's
Court of Detroit, Michael J. Connor, J. Defendant violated his
probation and was resentenced by Judge Connor to three years
probation, the first six months of which were to be, and were,
served in the Detroit House of Correction. While still on
probation he was convicted on his plea of guilty in Recorder's
Court of Detroit of attempted entry without breaking, Dalton
A. Roberson, J. During the plea taking, Judge Roberson paused
to ensure that the defendant understood that, by pleading
guilty to attempted entry without breaking, he was acknowl-
edging a violation of the probationary sentence imposed by
Judge Connor. Judge Roberson stated: "I will have it [the
probation case] here on the day of sentencing." Prior to the
plea taking, Judge Michael J. Talbot, Judge Connor's successor,
issued a bench warrant for a probation violation based on the
attempted B & E. Judge Roberson sentenced defendant to three
months incarceration plus probation on the entering without
breaking charge. Further, pursuant to Recorder's Court Chief
Judge Samuel Gardner's Order #17.10 that, once a judge
accepted a defendant's plea, all active files involving that
defendant were transferred to the sentencing judge as "execu-
tive floor judge", he ordered that the drug use file be closed and
defendant's probation thereon terminated as "without improve-
ment", a procedure which had the status of a Recorder's Court
custom used to save needless ancillary procedures. Thereafter,
Judge Talbot summoned defendant to his courtroom for a
hearing on the violation of the drug use probation. Defendant
objected to the proceeding, claiming that Judge Roberson had

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 254.
Supreme Court's views of Fifth Amendment's double jeopardy
clause pertinent to or applied in federal criminal case. 50 L Ed 2d
830.

[2] 20 Am Jur 2d, Courts § 147.

[3] 21 Am Jur 2d, Criminal Law § 578.

disposed of the matter. Judge Talbot made findings of fact and revoked defendant's probation, sentencing defendant to three years probation, the first six months to be spent in the Detroit House of Correction. Defendant appealed. *Held:*

1. The transcript of defendant's guilty plea to entering without breaking, viewing the record most favorably to defendant, indicates that any representations Judge Roberson made with regard to the probation violation were at best ambiguous. Because the plea bargain, as negotiated and set forth on the record, represented both strong inducement for the plea and substantial benefit to defendant, no error warranting vacation of the plea emanated from the statements regarding the probation violation which were made by Judge Roberson at the plea proceeding.

2. Jeopardy only attaches when the court is vested with competent jurisdiction. Recorder's Court did not have ongoing jurisdiction over defendant on the drug use probation. A sentence of probation is a final judgment of conviction which divests the court of jurisdiction. Judge Roberson did not have jurisdiction to hear the probation violation charge, notwithstanding Chief Judge Gardner's order. Such a procedure violates a general court rule and a Recorder's Court rule. Hence, Judge Talbot's actions did not violate the prohibition against double jeopardy.

3. The rule that punishment already exacted must be fully "credited" in imposing sentence upon a new conviction for the same offense applies to time served as a condition of probation upon a later sentencing for a probation violation.

Affirmed but sentence modified.

1. CRIMINAL LAW — JEOPARDY.

Jeopardy can only attach when the court is vested with competent jurisdiction.

2. CRIMINAL LAW — JURISDICTION — ONGOING JURISDICTION — PROBATION.

A court does not have ongoing jurisdiction over a defendant on probation because the court only retains jurisdiction of the person and of the offense until final disposition of the case, and a sentence of probation is a final judgment of conviction.

3. CRIMINAL LAW — MULTIPLE PUNISHMENT.

The rule that punishment already exacted must be fully "credited" in imposing sentence upon a new conviction for the same offense applies to time served as a condition of probation upon a later sentencing for a probation violation.

*Gerald M. Lorence,* for defendant.

Before: D. C. Riley, P.J., and D. E. Holbrook, Jr., and M. J. Kelly, JJ.

Per Curiam. Defendant, Kevin Michael Rose, also known as Ronald Carl Ledmon appeals by right from two Detroit Recorder's Court convictions.

In case #58383, he entered a plea of guilty to attempted entry without breaking, MCL 750.111; MSA 28.306, MCL 750.92(3); MSA 28.287(3), on April 10, 1981. In case #57632, he appeals a judgment of probation violation and the sentences entered based on an underlying conviction of use of amylbarbitol, MCL 333.7218; MSA 14.15(7218). The basis of the probation violation was the attempted entry without breaking conviction.

The drug usage charge arose in 1978, at which time defendant pled guilty and was placed on probation by Judge Michael J. Connor.[1] Defendant violated his probation and was resentenced by Judge Connor to three years probation, the first six months of which were to be, and were, served in the Detroit House of Correction. Defendant was still on probation at the time the attempted entry charge arose.

The attempted entry case was randomly assigned to Judge Dalton A. Roberson. Pursuant to negotiations, the prosecutor agreed to reduce the charge if defendant pled guilty to attempted entry without breaking. Judge Roberson agreed to sentence defendant to not more than one year in the Detroit House of Correction, and less if the presentence report was favorable to defendant.

---

[1] Former Recorder's Court judge, now a judge in the Wayne Circuit Court.

Defendant pled guilty to the attempted entry without breaking charge. While proceeding through the advice required by GCR 1963, 785.7, Judge Roberson paused to ensure that the defendant understood that, by pleading guilty to attempted entry without breaking, he was acknowledging a violation of the probationary sentence imposed by Judge Connor. A bench warrant had already been issued by Judge Connor's successor, Judge Michael J. Talbot.

Judge Roberson stated: "I will have it [the probation case] here on the day of sentencing." This statement was prompted by the policy in effect pursuant to Recorder's Court Chief Judge Samuel Gardner's Order #17.10 that, once a judge accepted a defendant's plea, all active files involving that defendant were transferred to the sentencing judge as "executive floor judge". The executive floor judge could then dispose of all matters still active.

Judge Roberson sentenced defendant to only three months incarceration plus probation on the entering without breaking charge on April 10, 1981. He ordered that the drug use file be closed and defendant's probation thereon terminated as "without improvement", a procedure which has the status of a Recorder's Court custom used to save needless ancillary proceedings.

On April 20, 1981, Judge Talbot summoned defendant to his courtroom for a hearing on the violation of the drug use probation. Defendant objected to the proceeding, claiming that Judge Roberson had disposed of the matter on April 10, 1981. Judge Talbot made findings of fact and then revoked defendant's probation, sentencing defendant to three years probation, the first six months to be spent in the Detroit House of Correction.

Counsel, on appeal, frames the controlling issues as: (1) "Did jeopardy attach when defendant pled guilty before the Recorder's Court Executive Floor Judge in return for a reduced sentence bargain and began serving his sentence?" and (2) "Was the constitutional ban against double jeopardy violated when defendant [was] retried on the same charges by the same sovereignty but before a different judge?"

The essence of the argument is that defendant was placed in jeopardy when Judge Roberson had the drug use probation file before him, even though he closed the file out without improvement, thereby precluding Judge Talbot from making defendant again run the gauntlet. Defendant further contends that the plea to attempted entering without breaking was induced by Judge Roberson's handling of the probation file and, therefore, if Judge Roberson had no authority to deal with the probation file then the plea should be set aside.

A review of the transcript of defendant's guilty plea to entering without breaking, viewing the record most favorably to defendant, indicates that any representations Judge Roberson made with regard to the probation violation were at best ambiguous. The plea bargain, as stated on the record and affirmatively acknowledged by defendant, defense counsel and the prosecutor, contained no mention of the probation violation charge. Defendant could not reasonably have interpreted Judge Roberson's statement that he would have the probation file in front of him on the day of sentencing as a further promise of leniency. Therefore, because the plea bargain, as negotiated and set forth on the record represents both strong inducement for the plea and substantial benefit to defendant, no error warranting va-

cation of the plea emanates from the statements regarding the probation violation which were made by Judge Roberson at the plea proceeding. See *People v James,* 90 Mich App 424, 428; 282 NW2d 344 (1979).

Defendant argues that jeopardy attached when he pled guilty before Judge Roberson and began serving his sentence. This position is correct as to the attempted entering without breaking charge. At issue, however, is not this conviction but rather the one involving the probation violation. The crucial issue is whether jeopardy attached when Judge Roberson disposed of the probation file.

Jeopardy only attaches when the court is vested with competent jurisdiction. *People v Morillo,* 90 Mich App 655, 659; 282 NW2d 434 (1979). Recorder's Court did not have ongoing jurisdiction over defendant on the drug use probation as the court only retains jurisdiction of the person and of the offense until final disposition of the case. Michigan Law & Practice, Criminal Law, § 34, pp 109-110. A sentence of probation is a final judgment of conviction, *Calhoun v Macomb Circuit Judge,* 15 Mich App 416, 417; 166 NW2d 657 (1968), which divests the court of jurisdiction. For Judge Roberson to have competent subject matter jurisdiction in the probation matter, it must stem from some other source than any ongoing jurisdiction over the matter.

Judge Roberson's jurisdiction arguably flows from Chief Judge Gardner's Order #17.10. That order proposed to assign to Judge Roberson, as executive floor judge, all active cases involving defendant and would allow Judge Roberson to conduct a formal probation violation proceeding and, by the proper notice procedure, to obtain jurisdiction over defendant on the probation viola-

tion charge. However, Judge Roberson lacked jurisdiction over the probation file, notwithstanding Order #17.10. *People v Clemons,* 116 Mich App 601; 323 NW2d 300 (1981), and *People v Williamson,* 113 Mich App 23; 317 NW2d 271 (1982).

GCR 1963, 529.2 states:

"No judgment or order shall be set aside or vacated, and no proceeding under a judgment or order shall be stayed by any circuit judge *except the one who made the judgment or order,* unless he is absent or unable to act." (Emphasis added.)

Consistent with the foregoing is Recorder's Court Rule 26 which provides in part:

"Whenever a case has been assigned to a Judge *for trial or other disposition,* such Judge shall have *exclusive jurisdiction* to make final adjudication of such case, including retrial or rehearing thereof." (Emphasis added.)

Since Judge Roberson did not have jurisdiction over the drug use probation case, jeopardy could not attach. *Morillo, supra.* Thus, Judge Talbot was not precluded by jeopardy considerations from hearing and determining issues arising from his bench warrant for probation violation.

One modification of defendant's sentence for probation violation must be made. The maximum penalty for use of amylbarbitol was one year imprisonment. MCL 333.7404(2)(b); MSA 14.15(7404)(2)(b). After being found in violation of his original probation by Judge Connor, defendant received a second probationary sentence which included six months incarceration. Judge Talbot imposed an additional six months incarceration

plus three years probation for defendant's second violation of his probation. Since defendant has in effect served the maximum period of incarceration for the offense, the additional sentence of three years probation exceeds the maximum sentence allowed by statute and must be vacated. *People v Sturdivant,* 412 Mich 92, 97; 312 NW2d 622 (1981).

Defendant's conviction and sentence for breaking without entering and adjudication of probation violation are affirmed; defendant's sentence for probation violation is modified in accordance with this opinion.

Affirmed in part and modified in part.