PEOPLE v McINTOSH

Docket No. 64569. Submitted February 3, 1983, at Lansing.—Decided
April 6, 1983.

George McIntosh pled guilty in Detroit Recorder's Court to a
charge of attempted receiving and concealing stolen property
over the value of $100 and was sentenced to two years proba-
tion, Clarice Jobes, J. Two months later, defendant was ar-
rested for breaking and entering, and a warrant for probation
violation was issued by Recorder's Court Judge Richard Hatha-
way, who had been assigned by blind draw to hear any postcon-
viction matters concerning defendant. Judge Hathaway held a
probation violation hearing, after which he found defendant
guilty of probation violation. At sentencing, defendant filed a
motion that the probation violation be reheard before Judge
Jobes since she was the judge who had originally placed defen-
dant on probation. Judge Hathaway denied the motion and
sentenced defendant to 20 to 30 months imprisonment. Defen-
dant appeals. *Held:*

Probation violation .proceedings should be held before the
original judge, if possible. However, reversal is not automati-
cally required where another judge conducts the revocation
hearing. Defendant's motion that Judge Jobes preside over the
probation violation proceedings was untimely.

Affirmed.

1. CRIMINAL LAW — PROBATION REVOCATION — JUDGES.

Probation violation proceedings should be held, if possible, before
the judge that imposed the probation; however, reversal of a
finding that the probationer is guilty of probation violation is
not automatically required where another judge conducts the
revocation hearing.

2. CRIMINAL LAW — PROBATION REVOCATION — JUDGES — MOTIONS
AND ORDERS.

A probationer's motion to have the judge who imposed probation
preside over probation violation proceedings against him was

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 578, 579.

untimely where it was not made until at the sentencing proceeding following the probation violation hearing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Warren H. Siegel,* for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and CYNAR, JJ.

PER CURIAM. Defendant appeals as of right from a violation of probation proceeding wherein defendant was found to have violated his probation and was, therefore, sentenced to 20 months to 30 months incarceration.

On September 22, 1981, defendant pled guilty to a charge of attempted receiving and concealing stolen property over the value of $100, MCL 750.92, 750.535; MSA 28.287, 28.803, before Recorder's Court Judge Clarice Jobes. On October 9, 1981, Judge Jobes sentenced defendant to two years probation. Judge Jobes presided over the plea-taking proceeding pursuant to Recorder's Court Administrative Order No. 17, issued December 2, 1977, and Docket Control Directive No. 81-1, issued January 26, 1981. On October 9, 1981, the case was assigned to Judge Richard Hathaway by blind draw for any postconviction matters, in accordance with the preceding administrative order and docket control directive.

In December 1981, defendant was arrested for breaking and entering, and a warrant for probation violation was issued by Judge Hathaway on January 22, 1982. A violation of probation hearing

was held before Judge Hathaway on February 3, 1982, at the conclusion of which Judge Hathaway found that defendant had violated his probation. Sentencing was scheduled for February 16, 1982, and defendant was referred to the probation department for preparation of an updated presentence report.

At sentencing, defense counsel moved that the probation violation be reheard before Judge Jobes since she was the judge who had originally placed defendant on probation. Judge Hathaway denied the motion, stating:

"As to your motion concerning Judge Jobes to the probation violation hearing, it should be noted this court is—it's this court's understanding that the postconviction judge as a result of the blind draw, therefore, this court would, in fact, have jurisdiction over any probation violation matters. As a result of being the postconviction judge, this court did, in fact, have that hearing."

As a result of this probation violation, defendant was sentenced by Judge Hathaway to a prison term of not less than 20 months, nor more than 30 months. Defendant argues on appeal that he was entitled to consideration of the alleged probation violation by Judge Jobes, who imposed probation, under MCL 771.4; MSA 28.1134, GCR 1963, 529.2, and case law.

MCL 771.4; MSA 28.1134 provides in pertinent part:

"It is the intent of the legislature that the granting of probation to one convicted shall be a matter of grace conferring no vested right to its continuance, if, during the period of probation it shall appear *to the satisfaction of the sentencing court* that the probationer is likely again to engage in an offensive or criminal course

of conduct, or that the public good requires revocation or termination of probation previously granted. All probation orders, therefore, shall be revocable or terminable in any manner which *the court which imposed probation* shall deem applicable, either for any violation, or attempted violation of any condition of probation, or for any other type of antisocial conduct or action on the part of the probationer which shall satisfy such court that revocation is proper in the public interest." (Emphasis supplied.)

GCR 1963, 529.2 provides:

"No judgment or order shall be set aside or vacated, and no proceeding under a judgment or order shall be stayed by any circuit judge *except the one who made the judgment or order,* unless he is absent or unable to act. If the circuit judge who made the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be made by any of the other judges of the circuit or any judge assigned to the circuit." (Emphasis supplied.)

Several panels of this Court have read the above provisions as requiring that probation violation proceedings be heard before the same judge who imposed the probation or his or her successor. *People v Rose,* 117 Mich App 530; 324 NW2d 25 (1982); *People v Clemons,* 116 Mich App 601; 323 NW2d 300 (1981); *People v Biondo,* 76 Mich App 155; 256 NW2d 60 (1977). *Contra, People v Collins,* 25 Mich App 609; 181 NW2d 601 (1970), which held that the term "sentencing court" in MCL 771.4 only refers to the forum, *i.e.,* Recorder's Court, and not to a specific judge. We agree that probation violation proceedings *should* be held, if possible, before the original judge.[1] As discussed in

---

[1] We recognize that reassignment of the case for postconviction proceedings to the blind draw judge, pursuant to Administrative

*People v McDonald,* 97 Mich App 425, 431-432; 296 NW2d 53 (1980), *vacated on other grounds* 411 Mich 870 (1981):

"A trial judge who has placed a man on probation has shown a confidence in the probationer's ability to obey the law. He will receive periodic reports from the probation agent and may have a personal concern for the success of the probation. It is appropriate, if revocation must be considered, that the consideration be by the judge who is most acquainted with the matter."

However, reversal is not automatically required where another judge conducts the revocation hearing. *People v Williamson,* 113 Mich App 23; 317 NW2d 271 (1982), *rev'd* 413 Mich 895; 318 NW2d 472 (1982).[2]

In the instant case defendant failed to move for Judge Hathaway's disqualification or otherwise object to Judge Hathaway's conducting the proceedings until sentencing. We will not permit defendant to wait until after the judge has found a probation violation and then object because the matter had proceeded before the wrong judge.[3]

Order 17.10, results in disposition of probation violation proceedings by a judge other than the judge who imposed the probation. We do not believe that the Supreme Court intended that administrative orders, which under GCR 1963, 927.2 need only be sent to the Supreme Court and state court administrator, be used to contradict general court rules, statutes and case law governing the assignment of probation violation proceedings.

[2] While the panel in *People v Rose, supra,* treated the original judge's failure to determine the probation violation as a jurisdictional defect, in *Williamson, supra,* the Supreme Court reversed this Court's reversal, holding that the defendant was not prejudiced because a judge other than the judge who originally imposed probation presided over probation revocation proceedings. There, the defendant had not objected below and was eager to plead guilty to obtain the benefit of a bargain for concurrent sentencing for the probation violation and the offense which constituted a violation of probation.

[3] See, *Williamson, supra,* 113 Mich App 23, 28. Judge Brennan, in his dissent, would hold no error in another judge's accepting a guilty plea to probation violation in the absence of a motion to disqualify or

Certainly defendant would not have complained had Judge Hathaway found no violation. Although we believe it appropriate that Judge Jobes determine whether defendant's probation should be revoked, we decline to presume prejudice to defendant by Judge Hathaway's disposition of the matter. Accordingly, due to defendant's untimely objection to Judge Hathaway's conducting the probation violation proceedings, we affirm.

Affirmed.

an objection on the record. See, also, GCR 1963, 912.3(a), which states that untimeliness is a factor in deciding whether a motion to disqualify should be granted.