## PEOPLE v MONDAY

1. CRIMINAL LAW—DISMISSAL—NOLO CONTENDERE—NOLLE PROSEQUI.

   A trial court may not dismiss a felony case after conviction on a plea of nolo contendere without a motion for nolle prosequi by the prosecuting attorney.

2. CRIMINAL LAW—DISMISSAL—PROSECUTOR'S CONSENT—EVIDENCE—STATUTES.

   A trial judge may dismiss charges, without prosecutorial consent, only if there is (1) insufficient evidence, or (2) a permissive statute.

3. CRIMINAL LAW—DISMISSAL—DEFERRED SENTENCING—PROBATION—PROSECUTOR'S CONSENT—STATUTES.

   The deferred sentencing statute which allows a court to be lenient by granting probation or delaying the imposition of a sentence does not confer upon the court permissive authority to dismiss a case without the prosecutor's consent; the use of the term "leniency" presupposes that some penalty, however slight, will be imposed by the court (MCLA 771.1; MSA 28.1131).

4. CRIMINAL LAW—DISMISSAL—DEFERRED SENTENCING—SPECIFIC STATUTORY LANGUAGE—STATUTES.

   The deferred sentencing statute should not be construed as impliedly giving a court the power to dismiss a case without the consent of the prosecutor, since other statutes enacted by the Legislature during the same period of time used specific language when granting to the courts a power to dismiss (MCLA 771.1; MSA 28.1131).

Appeal from Washtenaw, Patrick J. Conlin, J. Submitted June 1, 1976, at Lansing. (Docket No. 25686.) Decided August 4, 1976.

Jane K. Monday was convicted, on her plea of

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 497, 499.
[2–4] 21 Am Jur 2d, Criminal Law §§ 514, 516–518.

nolo contendere, of larceny in a building. Sentence delayed for one year. Case dismissed on deferred sentence date. The people appeal as of right. Dismissal vacated and cause remanded for action as suggested by this opinion.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*Conlin, Conlin & McKenney* (by *Allen J. Philbrick),* for defendant.

Before: ALLEN, P. J., and D. E. HOLBROOK, JR., and E. H. PAPP,* JJ.

ALLEN, P. J. May a trial court, acting under § 1 of Chapter 11 of the Code of Criminal Procedure, MCLA 771.1; MSA 28.1131,[1] dismiss a felony case, after conviction on a plea of nolo contendere, without a motion for nolle prosequi by the prosecuting attorney? This question of first impression arises on the following facts:

In June 1973, the defendant, a licensed practical nurse employed at the Ypsilanti State Hospital,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] "Sec. 1. In all prosecutions for crimes or misdemeanors, except murder, treason, and robbery while armed, where the defendant has been found guilty upon verdict or plea, and where it appears to the satisfaction of the court that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant shall suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer. In any case in which the court may place the defendant on probation, it may delay the imposing of sentence of the defendant for a period of not to exceed 1 year *for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or such other leniency as may be compatible with the ends of justice and the rehabilitation of the defendant."* (Emphasis added.)

was charged with larceny in a building, MCLA 750.360; MSA 28.592, by taking some 31 valium tablets. Upon arraignment, the defendant stood mute and a plea of not guilty was entered for her. On April 22, 1974, the case was called for trial, at which time defendant tendered a plea of nolo contendere. No plea bargain was involved. At sentencing May 16, 1974, defendant's sentence was delayed for one year.[2] On the deferred sentence date one year later the trial judge dismissed the case, citing as grounds therefor the fact that defendant had successfully completed the period of delay and the interest of justice has been served. Defendant, age 49 at the time of the offense charged, had no prior criminal record of any kind whatsoever. An order granting the dismissal but "noting the objections of the prosecuting attorney thereto" was entered by the trial court July 11, 1975. From this order the people, under authority of *Jackson County Prosecutor v Court of Appeals,* 394 Mich 527; 232 NW2d 172 (1975), have appealed of right.[3]

The law governing dismissal over prosecutorial objection is extensively set forth in *People v Stewart,* 52 Mich App 477; 217 NW2d 894 (1974). There the trial judge, pursuant to a policy of dismissing heroin possession charges if the amount in possession was less than three grains, dismissed the

---

[2] *"THE COURT:* For purposes of the record, I will tell you again, I'll delay your sentence one year. If during that time you have paid your costs of Two Hundred Dollars ($200.00) and are doing well, as far as I am concerned, I will discharge you in six months.

*"A.* Thank you.

*"THE COURT:* Right now your sentence is delayed until May 17, 1975.

*"Mr. Rekshan [Assistant Public Defender]:* Thank you, your Honor."

[3] We reject appellee's initial argument that the instant appeal is not controlled by *Jackson County Prosecutor, supra.* Dismissal of the charge is clearly a "final pretrial decision".

pending proceedings. To this action the prosecutor objected claiming, as is claimed in the instant appeal, that dismissal over prosecutorial objection on "nonlegal" grounds violated the doctrine of the separation of powers. Const 1963, art 3, § 2. Our Court agreed with the prosecutor, holding that in Michigan as well as in the majority of states a trial judge may dismiss charges, sans prosecutorial consent, only if there is (1) insufficient evidence, or (2) a permissive statute.

"However, the weight of authority holds that dismissal is in the prosecutor's sole discretion (subject to the exception hereinafter stated). Dismissal over his objection, absent a permissive statute, is precluded. *People v McLeod,* 25 Wend (NY) 483; 1 Hill (NY) 377; 37 Am Dec 328 (1841); *People v Bennett,* 49 NY 137 (1872); *People v Beckwith,* 2 NY Crim Rep 29 (1884); *Commonwealth v Hart,* 149 Mass 7; 20 NE 310 (1889); *Commonwealth v Cundiff,* 149 Ky 37; 147 SW 767 (1912). Only where the evidence is insufficient has the court the power to dismiss over prosecutorial objection. *Com v Cundiff, supra; cf. People v Gaige,* 23 Mich 93 (1871); *State ex rel Ronan v Stevens,* 93 Ariz 375; 381 P2d 100 (1963); *San Miguel v McCarthy,* 8 Ariz App 323; 466 P2d 22 (1968). Even, as in Michigan, when the judge may veto the prosecutor's decision to nolle prosequi, he lacks the power to dismiss on his own motion over prosecutorial objection." 52 Mich App 477, 482–483.

The question remaining for resolution is whether the statute[4] confers upon the court permissive authority to dismiss in the absence of the prosecutor's consent. Defendant claims that the answer to this question should be "yes" for the reason that the phrase "such other leniency as may be compatible with the ends of justice and the

---

[4] *See* footnote 1.

rehabilitation of the defendant" is, by implication, broad enough to allow dismissal. Respectfully, we disagree. We cannot equate the word "leniency" as meaning total forgiveness. To us, "leniency" presupposes some penalty, however slight, but allows the trial court to make the penalty token only. If the Legislature had intended anything more we believe that the Legislature would have specifically said so. The power to dismiss was clearly set forth in § 47 of the Controlled Substance Act,[5] in § 1 of the statute setting aside convictions committed prior to a defendant's 21st birthday[6] and in § 14 of the Holmes Youthful Trainee Act.[7] In each of these statutes the power to dismiss or expunge is specifically spelled out. The deferred sentencing statute under which the trial court acted in the instant case was first enacted in 1937, but the last three sentences thereof (including the phrase "such other leniency") first became part of the law in 1961[8]—a date relatively close to the date of enactment of the three specific statutes cited. Given the fact that within an 11-year time period the Legislature has, on three occasions, specifically spelled out the power of the court to dismiss, leads us to conclude that on the fourth occasion, had the Legislature intended to overrule the doctrine expressed in *Stewart, supra,* it would have done so in precise language rather than by implication. Accordingly, we opine that, despite the best of intentions, the trial judge exceeded permissible bounds in dismissing this cause over objections by the prosecuting attorney.[9]

---

[5] 1971 PA 196, effective April 1, 1972. MCLA 335.347; MSA 18.1070(47).

[6] 1965 PA 213, effective July 16, 1965. MCLA 780.621; MSA 28.1274(101).

[7] 1966 PA 301, effective January 1, 1967. MCLA 762.14; MSA 28.853(14).

[8] 1961 PA 185, effective September 8, 1961. Cited in full in footnote 1.

Our conclusion would, under normal circumstances, lead us to vacate the order of dismissal, reinstate the conviction, and remand for imposition of sentence. We decline to do so. The order of the trial court, though technically wrong, is equitably right. Except for the relatively minor offense charged herein, defendant's record is impeccable. We see no useful purpose and, in fact, perceive some harm in insisting that a felony charge appear on defendant's civil service record. Having won the "war" and prevailed on principle, we suggest the prosecutor, upon remand, reconsider and move for nolle prosequi or otherwise consent to dismissal as first ordered by the trial judge. Compassion is still an element of the law. The quality of mercy should not be strained on the facts before us.

The order of dismissal is vacated and the cause remanded for action as suggested by this opinion.

---

[9] We disagree with appellee that the people did not object to dismissal of the case. The order of the trial court July 11, 1975, clearly states that the prosecutor had objected. Further, the order was approved by the prosecutor as to form only.