## PEOPLE v LEONARD

Docket No. 80202. Submitted February 13, 1985, at Detroit.—Decided April 29, 1985.

Joseph Leonard entered a plea of nolo contendere in Wayne Circuit Court to a charge of negligent homicide. The court, Thomas J. Brennan, J., entered an order delaying sentence pursuant to statute. One year later, over the objection of the prosecuting attorney, the court granted defendant's motion to dismiss the case against him. The people appealed by leave granted. *Held:*

1. The Court of Appeals has jurisdiction to hear the appeal. The people have the right to take an appeal in this case because defendant was never sentenced and, therefore, never put in jeopardy.

2. The trial court had no authority to dismiss defendant's conviction over the prosecutor's objection. A trial court may dismiss charges without prosecutorial consent only if there is insufficient evidence or a permissive statute. Those conditions do not exist in this case.

Reversed.

1. Criminal Law — Double Jeopardy — Appeal.

The people may not appeal an order dismissing charges against a defendant made after the defendant has been put in jeopardy (MCL 770.12[1][c]; MSA 28.1109[1][c]).

References for Points in Headnotes

[1] Am Jur 2d, Criminal Law §§ 262, 309-320.

Failure to appeal denial of double jeopardy claim within time limits of Rule 4, Federal Rules of Appellate Procedure, as precluding review of claim on appeal of conviction at retrial. 51 ALR Fed 770.

[2] Am Jur 2d, Criminal Law § 258.

[3, 4] Am Jur 2d, Criminal Law § 526.

What constitutes "unreasonable delay" within meaning of Rule 32(a)(1) of Federal Rules of Criminal Procedure, providing that sentence shall be imposed without unreasonable delay. 52 ALR Fed 477.

[5] Am Jur 2d, Criminal Law § 514.

2. Criminal Law — Jeopardy — Guilty Pleas.

Jeopardy does not attach in the case of a guilty plea until the defendant has been sentenced.

3. Criminal Law — Sentencing — Delayed Sentences.

A trial court's imposition of a delayed sentence means that no sentence is initially imposed even though the court may impose conditions upon the defendant.

4. Criminal Law — Appeal — Delayed Sentences — Jeopardy.

The Court of Appeals has jurisdiction to entertain an appeal by a prosecuting attorney in a case where the defendant pled nolo contendere to a charge, the trial court ordered a delayed sentence, and, at the end of one year, dismissed the charge against the defendant over the prosecutor's objection; the fact that the trial court imposed a delayed sentence means that no sentence was initially imposed, therefore no jeopardy attached to the defendant (MCL 770.12[1][c]; MSA 28.1109[1][c]).

5. Criminal Law — Dismissal of Charges — Consent.

A trial court may dismiss charges without prosecutorial consent only if there is insufficient evidence or a statute permitting the dismissal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jane Shallal,* Assistant Prosecuting Attorney, for the people.

*Kaye Tertzag,* for defendant on appeal.

Before: V. J. Brennan, P.J., and Cynar and J. W. Fitzgerald,* JJ.

Per Curiam. Defendant pled nolo contendere to a charge of negligent homicide in the Wayne County Circuit Court. The court entered an order delaying sentence pursuant to MCL 771.1; MSA 28.1131. One year later, the court discharged defendant from the terms of that order. The defen-

* Retired Supreme Court justice, sitting on the Court of Appeals by assignment.

dant then moved to dismiss the case against him, and the court granted the motion over the prosecutor's objection. The prosecutor now appeals by leave granted.

We first discuss our jurisdiction to entertain the prosecutor's appeal. In *People v Cooke,* 419 Mich 420; 355 NW2d 88 (1984), the Supreme Court ruled that the people do not have a right to appeal outside of the express provisions of the Code of Criminal Procedure. Section 12 of Chapter X of the Code of Criminal Procedure specifies when an appeal may be taken by the people and includes the following provision:

"(c) From a decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy, or from another order of the court relative to admission of evidence or proceedings had or made before the defendant is put in jeopardy." MCL 770.12(1); MSA 28.1109(1).

The question is whether the court's dismissal of defendant's conviction was an order of the court relative to proceedings had or made before the defendant was put in jeopardy.

Defendant contends that jeopardy attaches when the plea is accepted by the court, but cites no cases to support this position. Some jurisdictions have taken this position. See, *e.g., United States v Bullock,* 579 F2d 1116 (CA 8, 1978), *cert den* 439 US 967; 99 S Ct 456; 58 L Ed 2d 425 (1978); *State v Sailor,* — Minn —; 257 NW2d 349 (1977); *Jeffrey v District Court,* — Colo —; 626 P2d 631 (1981). However, the rule in Michigan appears to be that, in the case of a guilty plea, jeopardy does not attach until the sentence is imposed. *People v Alvin Johnson,* 396 Mich 424, 431, fn 3; 240 NW2d 729 (1976); *People v Rose,* 117 Mich App 530, 535;

324 NW2d 25 (1982); *People v Burt,* 29 Mich App 275, 277; 185 NW2d 207 (1970).

In this case, defendant's sentence was delayed pursuant to statute. Although the court imposed probation-like conditions upon defendant for that year, and although probation is in fact an actual sentence, *People v Moon,* 125 Mich App 773; 337 NW2d 293 (1983), deferred sentencing is not equivalent to being placed on probation. *People v Hacker,* 127 Mich App 796; 339 NW2d 645 (1983). A delayed sentence means no sentence is initially imposed even though the trial court may impose conditions upon the defendant. *People v Saylor,* 88 Mich App 270, 275; 276 NW2d 885 (1979). Since defendant was never sentenced, jeopardy never attached, and this Court has jurisdiction to hear this appeal from the prosecutor pursuant to MCL 770.12(1)(c); MSA 28.1109(1)(c).

Turning to the substantive issue on appeal, the prosecutor contends that the trial court had no authority to dismiss defendant's conviction over the prosecutor's objection. We agree. We find this case indistinguishable from *People v Monday,* 70 Mich App 518; 245 NW2d 811 (1976), in which this Court aligned itself with the majority of states in holding that a trial judge may dismiss charges without prosecutorial consent only if there is insufficient evidence or a permissive statute. Accord, *People v Augustus Jones,* 94 Mich App 516, 518-519; 288 NW2d 411 (1979); *People v Morris,* 77 Mich App 561, 563; 258 NW2d 559 (1977); *People v Stewart,* 52 Mich App 477, 482-483; 217 NW2d 894 (1974). The *Monday* Court ruled that the delayed sentencing statute cannot be construed to permit "total forgiveness". 70 Mich App 522.

Defendant argues that, unlike *Monday,* the plea in this case was the result of extensive negotiations during which the possibility of dismissal of

the conviction was raised. Defendant concedes that the prosecutor objected to the granting of a motion to dismiss. In fact, the prosecutor clearly stated that his office "does now and would at any time in the future oppose any motion to expunge". The prosecutor also assured the court that there had been no threats and no coercion or inducements to obtain defendant's plea, in conformity with GCR 1963, 785.7(2)(a). After accepting defendant's plea, the court added:

"*The Court:* Now, I think I should make one more thing clear to you. The prosecutor, if you've been listening carefully, would object at the end of that year dismissing the matter and I would not want in any way to indicate to you that I was going to dismiss it.

"*Mr. Tertzag [Defense Counsel]:* I made that very clear.

"*The Court:* Do you understand that?

"*The Defendant:* Yes.

"*The Court:* I'll give it consideration but that doesn't mean that I'll dismiss it and I'll take into consideration the fact that the prosecutor who has been handling this matter is opposed to that, to dismissing, understand?

"*The Defendant:* Yes."

We reverse the trial court's order of dismissal.
Reversed.