PEOPLE v SIEBERT

PEOPLE v OATMAN

Docket Nos. 146736, 146737. Submitted January 12, 1993, at Detroit.
    Decided September 7, 1993, at 10:00 A.M. Leave to appeal sought.
    Douglas Siebert and Raymond Oatman pleaded guilty in the
    Recorder's Court of Detroit, George W. Crockett III, J., of
    delivery of between 225 and 650 grams of cocaine pursuant to
    plea agreements under which the prosecution would drop sev-
    eral other charges in exchange for the defendants' agreements
    to prison terms of from twenty to thirty years and to cooperate
    with authorities in other criminal investigations. After the
    defendants had cooperated extensively with authorities, the
    court indicated that it did not feel bound by the sentence
    agreements and that it remained free to exercise its discretion
    to sentence as it saw fit. The prosecution agreed that the court
    retained complete sentencing discretion, but argued that the
    prosecution was entitled to withdraw from the plea agreements
    if the court intended to impose sentence other than those
    agreed upon by the parties. The court sentenced Siebert to five
    to thirty years and Oatman to three to thirty years and denied
    the prosecution's motion to withdraw from the plea agree-
    ments. The prosecution appealed with respect to each of the
    defendants. The appeals were consolidated.

    The Court of Appeals held:

    1. A sentencing court is not bound to impose a sentence that
    has been agreed upon as part of a plea agreement and retains
    complete sentencing discretion; however, if the court, in the
    exercise of its sentencing discretion, feels that it must impose a
    sentence other than the sentence agreed upon in the plea
    agreement, it must afford the prosecution an opportunity to
    withdraw from the agreement.

    2. Because the defendants were never placed in jeopardy with

REFERENCES

Am Jur 2d, Criminal Law § 485.

Comment Note.—Right to withdraw guilty plea in state criminal
    proceeding where court refuses to grant concession contemplated
    by plea bargain. 66 ALR3d 902.

respect to the original charges, the prosecution may reinstate those charges.

3. The trial court erred in denying the prosecution's motion to withdraw from the plea agreements after the court accepted the pleas without honoring the sentencing agreements. Each defendant, because he performed as his plea agreement required, has the right to insist on specific performance of the agreement. On remand, each defendant must be permitted to elect to reaffirm his plea of guilty to the reduced charge and to be sentenced to the terms of years set forth in his agreement. If either defendant chooses not to do so, the prosecution must be permitted to reinstate the original charges against that defendant.

Reversed and remanded.

CRIMINAL LAW — SENTENCING — GUILTY PLEAS — SENTENCING AGREEMENTS.

The prosecution is entitled to withdraw from a guilty plea agreement and reimpose the original charges where the plea agreement includes a sentencing agreement and the sentencing court, in the exercise of its sentencing discretion, declines to impose the sentence agreed upon by the parties.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

*Robert F. Mitchell,* for Douglas Siebert.

*Mark Kriger,* for Raymond Oatman.

Before: DOCTOROFF, C.J., and WEAVER and WHITE, JJ.

WHITE, J. The people appeal the trial court's denial of the prosecutor's motion to withdraw from plea and sentence agreements after the court sentenced defendants to terms of years less than those set forth in the agreements. Defendants respond that their guilty pleas were validly accepted, they

fully complied with the terms of the agreements to their prejudice, there is no authority for the prosecutor to withdraw from an agreement under such circumstances, and reinstatement of the original charges would be contrary to the Due Process and Double Jeopardy Clauses. We reverse.

I

Defendants were charged with delivery of over 650 grams of cocaine and conspiracy to deliver over 650 grams of cocaine. MCL 333.7401(1), 333.7401(2)(a)(i); MSA 14.15(7401)(1), 14.15(7401)(2) (a)(i). In a separate information, they were also charged with conspiracy to possess with intent to deliver marijuana. MCL 750.157a; MSA 28.354(1), MCL 333.7401(1), 333.7401(2)(c); MSA 14.15(7401) (1), 14.15(7401)(2)(c). Defendant Siebert additionally was charged with gambling, taking bets, and conspiracy to gamble. MCL 750.301; MSA 28.533, MCL 750.157a; MSA 28.354(1). The penalty for delivery of over 650 grams of cocaine is life imprisonment without parole.[1]

Defendants and the prosecutor entered into plea and sentence agreements that provided that the defendants would be permitted to plead guilty to the lesser offenses of conspiracy to deliver, and delivery of, between 225 and 650 grams of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii); MCL 750.157a; MSA 28.354(1), would cooperate with state and federal drug investigations by providing information, testimony, and other assistance, and would be sentenced to twenty to thirty years as contemplated by statute and that the

[1] The sentence agreement that is the subject of this case was entered into before *People v Bullock,* 440 Mich 15; 485 NW2d 866 (1992), and *People v Fluker,* 197 Mich App 225; 494 NW2d 830 (1992), rev'd 442 Mich 890 (1993), were decided.

charges concerning marijuana, gambling, and conspiracy to gamble would be dismissed.

Defendants pleaded guilty as agreed in October and November 1990. The terms of the agreements were discussed on the record by the judge and counsel. The judge accepted the pleas. Sentencing was deferred to obtain presentence reports and so that defendants could perform in accordance with their agreement to cooperate with drug enforcement authorities. In the months that followed, both defendants cooperated extensively.

Defendants were sentenced approximately one year later, in October 1991. In a presentence proceeding shortly before sentencing, the judge said he jealously guarded his sentencing prerogatives and had uniformly told parties that he would not be bound by any sentence bargain or agreement. The judge stated that he considered himself free to exercise his discretion to depart from the statutorily prescribed minimum sentence for substantial and compelling reasons, as provided by MCL 333.7401(4); MSA 14.15(7401)(4). The judge did not indicate what sentence he thought would be appropriate. The prosecutor agreed that the court retained complete sentencing discretion, but argued that under *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), a prosecutor may withdraw from a plea and sentence agreement if the court decides not to sentence in accordance with the agreed-upon terms.

After the court sentenced Siebert to five to thirty years, and Oatman to three to thirty years, the prosecutor moved to withdraw from the plea agreements. The court denied the motion. The prosecutor dismissed the charges concerning marijuana, gambling, and conspiracy to gamble. The people now appeal, contending that the prosecutor was entitled to withdraw from the plea and sen-

tence agreements when the court declined to sentence in accordance with the agreements.

II

Defendants argue that the only authority for a prosecutor's motion to vacate a defendant's plea is found in MCR 6.310(C), which states:

Vacation of Plea before Sentence. On the prosecutor's motion, the court may vacate a plea before sentence is imposed if the defendant has failed to comply with the terms of a plea agreement.

Defendants assert that the prosecutor failed to establish a right to withdraw under this court rule because the motion was made after the sentences were imposed and because defendants have more than fully complied with the terms of the plea agreements.

While MCR 6.310(C) does not authorize a prosecutor to withdraw under these circumstances, the prosecutor does not rely on this court rule and does not assert a right to withdraw on the basis of defendants' failure to cooperate. Rather, the prosecutor seeks to withdraw on the basis of the court's failure to honor the agreements. We do not read MCR 6.310(C) as stating the only basis on which the prosecutor may withdraw or as precluding withdrawal under these circumstances.

A

Defendants rely on *People v Pool,* 183 Mich App 191; 454 NW2d 121 (1989), where a panel of this Court held that the trial court erred in resentencing the defendant in response to the prosecutor's motion to vacate sentence and resentence on the ground that the original sentence did not comply

with the sentence agreement. In *Pool,* the prosecutor did not mention the agreement at the time of sentencing, did not object to the sentence when imposed, and did not state an intention to rely on the agreement until one month after sentencing. Additionally, the prosecutor, in effect, sought specific performance of the agreement rather than to be allowed to withdraw from the agreement. Thus, *Pool* is distinguishable and, in all events, is not binding because it precedes Administrative Order Nos. 1990-6 and 1992-8.

B

Defendants also rely on *People v Lowe,* 172 Mich App 347; 431 NW2d 257 (1988). In *Lowe,* the defendant asserted that the trial court erred in permitting a plea agreement that allowed the prosecutor to withdraw from the agreement if the sentence recommendation was not accepted by the court.[2] A panel of this Court observed that prosecutors are aware that sentence *recommendations* are only that and that sentencing judges retain exclusive authority with regard to sentences, concluded that the trial court understood that it was not bound by the recommendation, and found no error in the court's following the recommendation. The Court added:

> We do not decide here what the consequences would have been if the trial court had, in the exercise of its sentencing authority, given defendant a more lenient sentence. Defendant's plea

[2] The agreement provided that the defendant would plead guilty of armed robbery, a charge of possession of a firearm during the commission of a felony would be dismissed, a sentence recommendation of 7½ to 15 years would be presented to the court, and if the court sentenced more leniently, the prosecutor could withdraw from the agreement. The defendant pleaded guilty, and the court imposed a sentence of 7½ to 15 years.

had already been accepted. Would the prosecution then be forced to appeal defendant's conviction and argue that the defendant's plea should be set aside? That defendant should face a full trial and possibly a greater sentence? We leave that question for another panel when properly posited. [*Id.* at 353.]

We read *Lowe* as recognizing that the issue presented in the instant case had yet to be decided.[3]

### III

Defendants stress that while *Killebrew* and MCR 6.302(C)(3) expressly provide a defendant with the right to withdraw from a plea agreement where a judge declines to follow its terms, neither provides such a right to prosecutors. We conclude, however, that while *Killebrew* and MCR 6.302(C) (3) do not expressly provide prosecutors with a right to withdraw, neither is inconsistent with such a right. Indeed, *Killebrew* implies such a right in the case of a sentence agreement.

### A

In *Killebrew,* the Supreme Court held that

---

[3] The New Jersey Supreme Court in *State v Warren,* 115 NJ 433; 558 A2d 1312 (1989), held invalid the practice of entering into a negotiated plea providing for a certain sentence, with the prosecutor retaining the right to withdraw in the event the trial court imposed a more lenient sentence. The court held that the New Jersey court rule authorizes a defendant to withdraw from a guilty plea under certain circumstances, but not a prosecutor. The Court further concluded that there are no policy reasons for recognizing such a right, because a prosecutor's interests, unlike a defendant's, are not of constitutional magnitude.

The Arizona Supreme Court in *Dominguez v Meehan,* 140 Ariz 328; 681 P2d 911 (1984), adopting the opinion of the Arizona Court of Appeals, 140 Ariz App 329; 681 P2d 912 (1983), recognized the validity of the practice rejected by the New Jersey court. The court held that a provision in a plea agreement preserving the prosecutor's right to withdraw should the court reject the terms of the agreement and providing that the defendant waives any double jeopardy claims in such circumstances was valid and enforceable.

where a prosecutor and a defendant agree to a specific sentence disposition in exchange for a guilty plea, the trial court, after considering the presentence report, can either accept the agreement or reject it. *Id.* at 206-207. If the court accepts the agreement, it is obliged to sentence the defendant according to the agreed-upon terms. If the court concludes that the sentence is inappropriate to the circumstances or the offender, it is obliged to reject the plea and inform the defendant that it will not accept the plea or be bound by the agreement. *Id.* at 207. In the case of a sentence recommendation, which, in contrast to a sentence agreement, merely suggests a particular sentence as a nonbinding term of the agreement, the trial court can accept the guilty plea but refuse to be bound by the recommended sentence. The court, after indicating the sentence it intends to impose, is obliged to offer the defendant the opportunity to withdraw the guilty plea. *Id.* at 209-210.[4]

B

MCR 6.302(C)(3), incorporates and clarifies the holding in *Killebrew.* Staff Comment, MCR 6.302. This subrule expands the judicial options set forth in *Killebrew* to four:

---

[4] The *Killebrew* Court emphasized that the procedures that it set forth, while curbing judicial participation in plea negotiations, left a court's sentencing discretion unhampered. Faced with a sentence agreement it considers inappropriate, a court can reject the agreement in its entirety. *Id.* at 207. Faced with an unacceptable recommendation, a court can accept the plea but exercise its usual sentencing discretion if, after allowing the defendant an opportunity to withdraw the plea, the defendant chooses instead to affirm it. *Id.* at 210-212. *Killebrew* did not discuss the option of accepting a negotiated plea before accepting or rejecting the agreement. *Id.* at 206-210. Thus, under a strict application of *Killebrew,* there would normally be no need for a defendant or prosecutor to affirm or withdraw from a sentence agreement as with a rejected recommendation, because the plea would not be accepted until the court was satisfied that it could follow the agreement.

If there is a plea agreement and its terms pro-
vide for the defendant's plea to be made in ex-
change for a specific sentence disposition or a
prosecutorial sentence recommendation, the court
may

(a) reject the agreement; or

(b) accept the agreement after having considered
the presentence report, in which event it must
sentence the defendant to the sentence agreed to
or recommended by the prosecutor; or

(c) accept the agreement without having consid-
ered the presentence report; or

(d) take the plea agreement under advisement.

If the court accepts the agreement without hav-
ing considered the presentence report or takes the
plea agreement under advisement, it must explain
to the defendant that the court is not bound to
follow the sentence disposition or recommendation
agreed to by the prosecutor, and that if the court
chooses not to follow it, the defendant will be
allowed to withdraw from the plea agreement.

Under MCR 6.302(C)(3), the procedures established
for both kinds of plea agreements—sentence agree-
ments and sentence recommendations—are identi-
cal.

Notwithstanding the court rule's singular treat-
ment of the procedural aspects of the court's ac-
ceptance or rejection of sentence agreements and
sentence recommendations, we believe that *Kille-
brew's* substantive distinctions between the two
types of plea agreements continue to be important.
A sentence recommendation is but a recommenda-
tion, without agreement by the court. *Killebrew* at
208. There is no promise of a specific sentence, and
the court's sentencing discretion is completely un-
fettered. The court may accept the guilty plea, yet
refuse to be bound by the sentence recommenda-
tion. The only restriction, set forth both in *Kille-
brew* and in the court rule, is that if the court does

not follow the sentence recommendation, the defendant must be given an opportunity to withdraw the guilty plea. A sentence agreement is, however, an agreement for a specific sentence. Under *Killebrew,* the court has the option of accepting the plea and imposing the agreed-upon sentence, or rejecting the plea. *Killebrew* at 207. *Killebrew* took great care to distinguish sentence agreements from sentence recommendations and did not state an option of accepting a plea involving a sentence agreement and imposing a different sentence subject to the defendant's affirmance of the plea, as is the case with a sentence recommendation.

IV

Defendants argue that *Killebrew* only addressed a defendant's right to withdraw from a sentence agreement and not a prosecutor's, because the prosecutor, unlike the defendant, waives no constitutional rights[5] when offering a sentence bargain. Defendants assert that given this rationale for

[5] In the past, this Court has held that a trial court is not bound by a sentence agreement, but once it accepts the plea induced by that agreement, it is bound by its terms. *People v Nixten,* 183 Mich App 95, 97; 454 NW2d 160 (1990); *People v Jennings,* 178 Mich App 334, 336; 443 NW2d 793 (1989). In so holding, the Court adopted the principle set forth in *Santobello v New York,* 404 US 257, 262; 92 S Ct 495; 30 L Ed 2d 427 (1971), that

> when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

The recurrent concern in *Santobello* and its progeny, reflected in *Killebrew* as well, is the false position in which a defendant is placed, being induced to plead guilty on terms that are then not honored. Justice Douglas' concurring opinion in *Santobello* emphasized the prejudice to a defendant's fundamental rights to a jury trial, to confront accusers, to present defense witnesses, to remain silent, and to be convicted by proof beyond a reasonable doubt. 404 US 264, 268. Some panels of this Court have adopted that emphasis as well. *People v Eck,* 39 Mich App 176, 179; 197 NW2d 289 (1972); *People v Baker,* 46 Mich App 495, 497; 208 NW2d 220 (1973).

*Killebrew,* the prosecution has no right to withdraw and the trial court was not obliged to extend such an opportunity.

We disagree and conclude that *Killebrew* must be considered in the context of broader public policy concerns and must be read in conjunction with *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693 (1972) (hereafter *Genesee Prosecutor I),* and *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974) (hereafter *Genesee Prosecutor II).*

A

*Killebrew* was not based solely on the ground that a defendant waives constitutional rights in entering into a plea agreement. *Killebrew* sought to define the proper roles of judge and prosecutor in the plea bargaining process, while protecting the rights of the defendant as well as the authority of the judge and the prosecutor. These broader concerns require that other factors be considered.

The Supreme Court of Arizona considered the same question in *State v Superior Court,* 125 Ariz 575, 578; 611 P2d 928 (1980), where the Arizona court rule, like the Michigan court rule, does not specifically provide that the prosecutor, as well as the defendant, may withdraw from a plea agreement if the court rejects the terms of the agreement. The court said:

> The rule does not specifically provide that the State may also withdraw from the plea agreement previously entered into if the court rejects the terms of the plea agreement. We believe, however, it is implicit in the rule that the State, if it is to bargain freely and on equal terms with the defendant, must also be allowed to timely withdraw from a plea agreement when it is apparent that

the court does not wish to abide by its terms. In the words of Justice Cardozo:

"[J]ustice, though due to the accused, is due to the accuser also. . . . We are to keep the balance true." *Snyder v Massachusetts,* 291 US 97, 122; 54 S Ct 330, 338; 78 L Ed 674, 687 (1933).[6]

B

A more straightforwardly contractual ground for finding that the prosecutor has an equal right to withdraw from a plea agreement is that the people, no less than the defendant, should be able to receive the benefit of the agreed-upon bargain: a specific sentence and no less. This is the view found in 1A Gillespie, Michigan Criminal Law & Procedure (2d ed), § 327.50 (1993 Cum Supp, p 43):

> Although it may sound unusual, there is a circumstance under which the prosecution should be able to demand the setting aside of a guilty plea. That circumstance is when the prosecutor has made a charge concession, either to a lesser plea, to the dismissal of other counts or to the dismissal of other cases, in exchange for a sentence agreement. This situation must be carefully distinguished from that of a sentence recommendation.
> . . .
> However, if the agreement is a sentence agreement, for a specific sentence in exchange for the lowering of charges, or the dismissal of related or unrelated charges, rights should arise in the prosecutor as well as in the defendant. Under Killebrew, the trial judge clearly is not bound by the agreement reached by the parties, and if the trial

---

6 The Arizona Supreme Court later confined this principle to cases where a court has not yet accepted a plea or a plea agreement contains an express provision acknowledging the prosecutor's right to withdraw should the court find the agreement unacceptable. *Dominguez,* n 2 *supra; State v Tellez,* 165 Ariz App 381, 384; 799 P2d 1 (1989).

judge decides that the sentence agreement reached by the parties is too low, he or she must offer the defendant the right to withdraw the plea. But if the trial judge concludes that the sentence agreement is too high because the prosecutor made charge concessions contingent on an agreement to a specific sentence, which would not have been given absent that sentence, then the prosecutor should insist that the plea be withdrawn and the bargain set aside, as the prosecutor has not received the benefit of the bargain, which was a *specific* sentence and not less. If the plea was to a lesser charge, it should be set aside, and the case returned to its original posture. (Emphasis in original.)

C

Another basis for recognizing a prosecutor's right to withdraw is the need to maintain a balance between the executive branch of government and the judiciary, and the appropriate exercise of the discretion of each. The prosecutor, in the executive capacity as the chief law enforcement officer of the county, has broad discretion in determining the statutory provisions under which a defendant will be charged. *People v Rogers,* 438 Mich 602, 608; 475 NW2d 717 (1991); *Genesee Prosecutor I.* The judiciary may not usurp that charging authority; a trial court may not, over a prosecutor's objection, accept a plea of guilty to an offense not charged in the information. *Id.* at 684-685. This is true whether that offense is or is not a lesser included offense. *Genesee Prosecutor II.* Similarly, where a prosecutor refuses to relinquish discretion in a charging decision, a trial court may not, on its own motion, dismiss the charge in dispute. *People v Williams,* 186 Mich App 606, 608-609; 465 NW2d 376 (1990).

Where, as here, a prosecutor, in the exercise of the discretion of that office, agrees to a charge reduction if certain conditions are met, that agreement remains conditional until the terms of the agreement are fulfilled. A court that accepts a plea of guilty of a lesser offense while declining to honor a sentence condition, though exercising its own sentencing discretion, trespasses on the prosecutor's discretion to charge. The court, in accepting a plea to a lesser offense, effectively dismisses the greater offense—a charge respecting which the prosecutor has not relinquished discretion.

As the New York Court of Appeals explained in *People v Farrar,* 52 NY2d 302, 306-307; 437 NYS2d 961; 419 NE2d 864 (1981), just as a trial court must be free to exercise its discretion in sentencing matters, a prosecutor must be free to determine which charges *and sentences* best facilitate performance of the duties of the office:

> In considering whether to permit a defendant to plead to a lesser offense, the prosecutor legitimately may consider and negotiate a penalty that he or she deems necessary to serve the interests of the People. Postindictment investigation may well convince the prosecutor that, notwithstanding a defendant's criminal liability for the crime charged, the harsh minimum penalty on the greater offense is unwarranted in light of the then known background of the defendant or his or her role in the crime. The prosecutor, however, may consider the lower levels of the sentence range for the lesser offense similarly unacceptable as permitting the imposition of a too lenient penalty. A negotiated sentence permits a compromise that may well satisfy the law enforcement demands of the offices and the ends of justice.

The New York court in *Farrar* held that the trial judge erred in not exercising his sentencing

discretion even in the face of a sentence agreement. However, the court also held, *id.* at 307-308, that the prosecutor has a right to withdraw consent to the plea in the event the sentence imposed is less than the sentence negotiated:

The Appellate Division, however, failed to recognize the prosecutor's right to withdraw consent to the plea in the event that the sentence to be imposed is less than originally negotiated by the parties. The legislative policy of this State is to require the consent of the court and prosecutor to a plea to a lesser included offense or to less than the entire indictment (see CPC 220.10, subds. 3, 4).[7] Such a joint consent procedure prevents abuse (see *People v Selikoff,* 35 NY2d 227, 241; 360 NYS2d 623; 318 NE2d 784 [1974]) and recognizes the prosecutor's independent role and interest concerning the course the prosecution will take. Where the record shows that the prosecutor's consent to a plea is premised on a negotiated sentence and a lesser sentence is later deemed more appropriate, the People should be given the opportunity to withdraw their consent.* However justified the court's unwillingness to impose the negotiated sentence, fairness dictates that this avenue be left open. Of course, this is not to say that the People's application must be granted in all cases, for, among other things, prejudice to a defendant following a plea may prevent restoration to *status quo ante* and render vacatur of the plea inappropriate (see *People v McConnell,* 49 NY2d 340; 425 NYS2d 794 [402 NE2d 133 (1980)]). Absent defendant's showing of such prejudice or other circumstances militating against vacatur, however, relief to the People would be proper.

---

* This would merely be the counterpart of defendant's right to withdraw the plea in the event the court, in the exercise of its discretion, determines that the sentence agreed upon is inappropriate and indicates an intention to increase the severity of the punishment.

7 A requirement recognized in Michigan in *Genesee Prosecutor I* and *Genesee Prosecutor II.*

We recognize that the final portion of the New York opinion can be read to support the view that in some cases a prosecutor's request to withdraw should be denied. Indeed, defendants so argue. This argument is addressed in Part VI, *infra*.

Reaching a conclusion similar to that of the New York court, the Colorado Supreme Court in *People ex rel District Attorney v District Court Judge,* 195 Colo 34, 38; 575 P2d 4 (1978), held that under a Colorado rule of criminal procedure the sentencing court retained discretion to change a sentence within 120 days, even though the sentence was the result of a plea agreement. The court also held, however, that if the sentence were changed, the prosecutor must be permitted to withdraw from the agreement, reinstate the dismissed charges, and proceed to trial as though no agreement had been made.

We conclude that the trial court exceeded the bounds of its discretion in accepting defendants' pleas to delivery of between 225 and 650 grams of cocaine and sentencing defendants to less than the agreed-upon term of years without permitting the prosecutor an opportunity to withdraw from the agreements. We now turn to defendants' double jeopardy argument.

V

Defendants argue that permitting the prosecutor to withdraw from the plea agreements after sentencing and proceed on the original charges would violate the bar against double jeopardy. Defendants further assert that the appeals should be dismissed because the people's right to appeal is circumscribed by statute and the statute permits an appeal only where the protection against double jeopardy would not prevent further proceed-

ings. MCL 770.12; MSA 28.1109.[8] We disagree and conclude that the double jeopardy question has been answered, in effect, in *Genesee Prosecutor I* and *Genesee Prosecutor II.*

A

Under both the United States and the Michigan Constitutions, multiple prosecutions for the same crime are prohibited. US Const, Am V; Const 1963, art 1, § 15. Defendants argue that under Michigan law, jeopardy attaches to a guilty plea conviction when sentence is imposed, *People v Johnson,* 396 Mich 424, 431, n 3; 420 NW2d 729 (1976); *People v Grier,* 152 Mich App 129, 132; 393 NW2d 551 (1986); *People v Leonard,* 144 Mich App 492; 375 NW2d 745 (1985); *People v Rose,* 117 Mich App 530, 535; 324 NW2d 25 (1982); *People v Burt,* 29 Mich App 275, 277; 185 NW2d 207 (1970), and that the trial court's acceptance of defendants' pleas to

---

[8] A panel of this Court held, in *People v McKinnon,* 139 Mich App 362, 368; 362 NW2d 809 (1984), that an appeal was proper under similar circumstances. In *People v Grier,* 152 Mich App 129, 132; 393 NW2d 551 (1986), another panel of this Court concluded that an appeal was not proper, but that the Court would exercise its discretionary authority under GCR 1963, 820.1(7) (now MCR 7.216[A][7]) and consider the claim of appeal as a complaint for an order of superintending control under GCR 1963, 711.4(a) (now MCR 3.302[D]). Were we to conclude that an appeal is not proper under MCL 770.12 MSA 28.1109, we would similarly treat this appeal as a complaint for an order of superintending control.

*Grier* and *McKinnon* discussed a prosecutor's rights to appeal under the former version of MCL 770.12; MSA 28.1109, which allowed appeals "[f]rom a decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy . . . ." This statute was amended to permit a prosecutor's appeal of right from a final judgment or final order of the recorder's court "if the protection against double jeopardy . . . would not bar further proceedings against the defendant . . . ." Thus, the present statute affords a prosecutor the right to appeal even where jeopardy has attached, provided that further proceedings would not be barred by the protection against double jeopardy. Therefore, in the instant case, the inquiry regarding the prosecutor's statutory right to appeal is coextensive with the constitutional double jeopardy inquiry.

a lesser charge and imposition of sentences on that charge bars subsequent prosecution on the greater charge, *Grady v Corbin,* 495 US 508; 110 S Ct 2084; 109 L Ed 2d 548 (1990); *Brown v Ohio,* 432 US 161; 97 S Ct 2221; 53 L Ed 2d 187 (1977); *People v Cook,* 236 Mich 333, 335-336; 210 NW 296 (1926); *People v Bower,* 3 Mich App 585; 143 NW2d 142 (1966); MCL 768.33; MSA 28.1056.

The cases cited are all distinguishable. While each deals with double jeopardy principles in the context of a guilty plea, none addresses the situation presented in the instant case. *Brown* and *Corbin* concern prosecutors' efforts to prosecute for more serious offenses after the defendants had pleaded guilty and been sentenced for lesser offenses. Similarly, *Cook* involves a subsequent prosecution after a plea conviction of an included offense. In each case, the Court focused on whether the subsequent prosecution was for the "same offense" for double jeopardy purposes.[9] The propriety of the plea conviction for the lesser offense was not in question.[10]

In *Bower,* the defendant was charged with larceny. He pleaded guilty of, and was sentenced for, a misdemeanor larceny. The municipal court, concluding that it had made a mistake regarding the charge, vacated the sentence, and rearraigned the defendant on the warrant, construing it as charging a felony. The defendant pleaded guilty of the felony and was sentenced. On appeal, this Court held that the bar against double jeopardy had

---

[9] Each Court held that prosecutions for the greater offenses were barred if those offenses involved proof of the offenses for which the defendants had already been convicted by plea.

[10] In *Corbin,* 495 US 512, n 4, 514, n 6, the United States Supreme Court noted that it accepted the New York Court of Appeals' refusal to characterize the defendant's attorney's statements at the plea proceedings as misconduct or misrepresentation. The Court thus proceeded on the assumption that the initial plea and sentence were valid.

been violated because the defendant had been validly convicted of simple larceny, which barred prosecution on the greater degree of the same offense. The Court concluded that the warrant charged the crime of simple larceny, regardless of whether the prosecutor had so intended. We note that *Bower* was decided before *Genesee Prosecutor I* and *II*, and that the Court's conclusion that the warrant charged simple larceny distinguishes the case from *Genesee Prosecutor I* and *II*.

The remaining Michigan cases are all cited in support of the proposition that in the case of a guilty plea, jeopardy attaches upon sentence. Each of these cases simply states the proposition without discussion and relies on the authority of earlier cases. The original case, *Burt,* states the principle in the context of rejecting the defendant's assertion that jeopardy attached when he offered his plea.[11] None of the cases holds that the bar against double jeopardy is violated when a plea-based conviction is vacated and the original charge is reinstated. *Johnson* concerns a mistrial.[12] *Grier*[13]

---

[11] In *Burt,* the source of the principle cited in all subsequent cases, the issue was whether the trial court violated the ban against double jeopardy when it accepted a plea of guilty to a reduced charge of unarmed robbery, examined the defendant and his codefendants concerning the charge, was dissatisfied with the answers, and ordered the defendant tried on the original charge of armed robbery. The defendant appealed on double jeopardy grounds. The Court said:

> The unanimous conclusion of the courts which have considered this question is that jeopardy does not attach in the case of guilty pleas, at least not until defendant is sentenced. [*Id.* at 277.]

[12] *Johnson* presented the questions whether the protection against double jeopardy barred reprosecution after the trial court granted a mistrial in the absence of manifest necessity and whether the defendant's subsequent guilty plea constituted a waiver of the double jeopardy issue. The proposition for which defendants cite the case was addressed in a footnote, which simply states: "In the case of a guilty plea, jeopardy attaches when the sentence is imposed. *People v Burt,* 29 Mich App 275, 277; 185 NW2d 207 (1970)." *Id.* at 431, n 3.

and *Leonard*[14] simply restate the principle that jeopardy attaches when a defendant is sentenced, although the *Grier* Court did recognize that arguably jeopardy "vanished" when the trial court vacated the original sentence. *Rose*[15] recognizes

---

[13] *Grier* addressed the question whether the prosecutor could properly appeal the trial court's decision to resentence the defendant. See n 8, *supra.* The Court stated:

Because defendant pled guilty in this case, jeopardy attached when the sentence was imposed. *People v Leonard,* 144 Mich App 492; 375 NW2d 745 (1985); *People v Alvin Johnson,* 396 Mich 424, 431 n 3; 240 NW2d 729 (1976); *People v Rose,* 117 Mich App 530, 535; 324 NW2d 25 (1982); *People v Burt,* 29 Mich App 275, 277; 185 NW2d 207 (1970). While arguably jeopardy vanished when the trial court vacated defendant's original sentence, it attached again at resentencing. [*Grier* at 132.]

[14] In *Leonard,* the prosecutor sought to appeal the trial court's dismissal of charges, over the prosecutor's objection, after the court had delayed sentencing for a year pursuant to MCL 771.1; MSA 28.1131. The *Leonard* Court first discussed its jurisdiction to entertain the prosecutor's appeal, focusing on the question whether the defendant had been placed in jeopardy. The Court said:

Defendant contends that jeopardy attaches when the plea is accepted by the court, but cites no cases to support this position. Some jurisdictions have taken this position. See, e.g., *United States v Bullock,* 579 F2d 1116 (CA 8, 1978), cert den 439 US 967; 99 S Ct 456; 58 L Ed 2d 349 (1978); *State v Sailor,* — Minn —; 257 NW2d 349 (1977); *Jeffrey v District Court,* — Colo —; 626 P2d 631 (1981). However, the rule in Michigan appears to be that, in the case of a guilty plea, jeopardy does not attach until the sentence is imposed. *People v Alvin Johnson,* 396 Mich 424, 431, fn 2; 240 NW2d 729 (1976); *People v Rose,* 117 Mich App 530, 535; 324 NW2d 25 (1982); *People v Burt,* 29 Mich App 279, 277; 185 NW2d 207 (1970). [*Leonard* at 494-95.]

The Court concluded that the defendant had not been sentenced and so jeopardy never attached.

[15] In *Rose,* the defendant pleaded guilty of attempted entry without breaking while he was still on probation for a drug offense. A judge, acting as executive floor judge, in Recorder's Court imposed sentence for the entry without breaking conviction and terminated the defendant's probation for the drug charge "without improvement." Later, the successor judge in the drug case held a probation violation hearing and sentenced the defendant to three years' probation, with

that jeopardy does not attach where the sentencing court acts without authority.

B

These cases must be read in conjunction with *Genesee Prosecutor I* and *II* and other cases concerning a prosecutor's authority to charge. As discussed in Part IV C, *supra,* the Michigan Supreme Court and other courts have sought to maintain a balance between the charging authority of the prosecutor and the powers of the judge. A judge may not accept a plea to a lesser offense over a prosecutor's objection. *Genesee Prosecutor II.* It is also a violation of the principles of *Genesee Prosecutor I* and *II* for a judge to accept a plea to a lesser offense where the charge concession is conditioned on a sentence agreement and to proceed to sentence other than in accordance with the agreement.

In *Genesee Prosecutor II,* the Court reversed and remanded for trial on the original charge. Relying on *People v McMiller,* 389 Mich 425, 430-432; 208 NW2d 451 (1973), the Court held that double jeopardy did not bar proceedings on the greater charge because the defendant had not been tried for that charge. Similarly, in this case, defendants have not been tried for the greater charge of delivery of more than 650 grams of cocaine, and thus, under *Genesee Prosecutor II,* trial on this charge is not barred by the Double Jeopardy Clause. Were it otherwise, trial courts could, by

the first six months to be spent in jail. The defendant appealed, asserting that resentencing him for probation violation violated the Double Jeopardy Clause. The Court said: "Jeopardy only attaches when the court is vested with competent jurisdiction. *People v Merillo,* 90 Mich App 655, 659; 282 NW2d 434 (1979)." *Id.* at 535. The Court concluded that the judge acting as executive floor judge did not have jurisdiction over the probation file and therefore jeopardy had not attached.

accepting pleas to lesser offenses and imposing sentences other than in accordance with sentence agreements, ignore the principles of *Genesee Prosecutor I* and *II.*

The Supreme Court's discussion in *People v Anderson,* 409 Mich 474; 295 NW2d 482 (1980), is instructive. In *Anderson,* after the prosecution presented some, but not all, witnesses in a first-degree murder trial, the court, over the prosecutor's objection, accepted the defendant's plea of guilty of manslaughter, dismissed the murder charge, and discharged the jury. The Supreme Court discussed *Genesee Prosecutor I* and *II* and addressed the question whether retrial on the murder charge was barred by the Double Jeopardy Clause. The Court said:

> In *Genesee Prosecutor I* this Court held that a judge is not authorized, over the prosecutor's objection, to accept a plea of guilty of an offense not charged or included in the information or indictment. *Genesee Prosecutor II* enlarged this holding and declared that a judge cannot, over the prosecutor's objection, accept a plea of guilty of a lesser included offense and dismiss the charge of the greater offense; we set aside a plea of guilty of manslaughter and remanded for trial on the charged offense of murder. In those cases, however, the plea was offered and the charge dismissed before trial and impaneling of a jury. We noted that there was no double jeopardy issue in *Genesee Prosecutor II* because the defendant "has not been tried for murder."
>
> The judge's actions in accepting a plea of guilty of the lesser offense of manslaughter and dismissing the murder charge appear to have been violative of *Genesee Prosecutor II.* It is, however, a separate question, one controlled by the decisions of the United States Supreme Court, whether the Double Jeopardy Clause would be violated by a retrial of Anderson for murder after jeopardy had

attached in respect to that charge. We conclude (Part III, *infra*) that the Double Jeopardy Clause would be violated by trial because the judge made a factual determination upon the prosecutor's proofs that one or more elements of murder could not be established. This is true notwithstanding that the judge's acceptance of a plea to a lesser offense over the prosecutor's objection appears to have violated the specific dictates of *Genesee Prosecutor II*. [*Anderson* at 481-482.]

In the instant case, the court's action in accepting the pleas of guilty of delivery of between 225 and 650 grams of cocaine, without honoring the conditions placed on the charge reduction by the prosecutor, was violative of *Genesee Prosecutor II*. As in *Genesee Prosecutor II*, defendants in this case have not been tried for the greater offense, and a plea conviction on a lesser charge before trial on the merits and impaneling of a jury is not considered an acquittal of the greater charge. *Genesee Prosecutor II* at 123; *McMiller* at 430-432. And, unlike the defendant in *Anderson*, the trial court made no factual determination that one or more elements of the greater offense could not be established.[16] Therefore, the Double Jeopardy Clause does not bar proceedings on the greater charge upon this Court's vacating the convictions and sentences for the lesser charge.

Further support for this position is found in *People v Vasquez*, 129 Mich App 691; 341 NW2d 873 (1983). In *Vasquez*, the defendant was charged with and bound over to stand trial for second-degree murder. The defendant's motion to quash

---

[16] For the same reason, defendants' reliance on *Green v United States*, 355 US 184, 187-188; 78 S Ct 221; 2 L Ed 2d 199 (1957), is misplaced. In *Green*, the defendant was tried for first- and second-degree murder in the alternative, and was found guilty of second-degree murder. Thus, he was actually tried for and acquitted of the greater charge.

the information on the ground that there was insufficient evidence of malice was granted by the trial court, and the charge was reduced to manslaughter. The court then accepted a nolo contendere plea to manslaughter over the prosecutor's objection. On appeal, this Court concluded that there was sufficient evidence of malice. The Court vacated the plea-based conviction of and sentence for manslaughter and remanded for trial on the murder charge. The Court further stated that trial on the murder charge was not barred by double jeopardy concerns, citing *Genesee Prosecutor II.*

MCL 768.33; MSA 28.1056, which provides that a defendant who is convicted of an offense consisting of different degrees "shall not thereafter be tried or convicted for a different degree of the same offense," simply codifies the rule expressed in the cases. That statute does not address the double jeopardy issue in the context of the vacation of a conviction on appeal. In contrast, MCR 6.312 states:

> If a plea is withdrawn by the defendant or vacated by the trial court or an appellate court, the case may proceed to trial on any charges that had been brought or that could have been brought against the defendant if the plea had not been entered.[17]

We reject defendants' argument that because the plea agreements do not expressly state that the prosecutor has a right to withdraw from the

[17] This court rule is a departure from the rule announced in *McMiller, supra,* and *People v Thornton,* 403 Mich 389; 269 NW2d 192 (1978), that, for policy reasons, when a plea-based conviction is set aside by the trial court or reversed on appeal, prosecution on a greater charge is not permitted. The rule clarifies that, if not prohibited by the bar against double jeopardy, the prosecution may proceed upon the greater charges once a plea conviction is vacated by an appellate court.

agreements and reinstate the original charges in the event the agreement is not honored, the prosecutor has no such right and the Double Jeopardy Clause would be violated by reinstatement of the original charges. In *Ricketts v Adamson,* 483 US 1; 107 S Ct 2860; 97 L Ed 2d 1 (1987), relied on by defendants, the defendant pleaded guilty of second-degree murder and agreed to testify against other defendants in return for dismissal of first-degree murder charges. The agreement stated that if the defendant breached the agreement, the original charge would be reinstated. The defendant was found to have breached the agreement, and his conviction, after trial, of the original charge was affirmed. While the Supreme Court concluded that the defendant, according to the terms of the agreement, waived any double jeopardy rights, it did not hold that the Double Jeopardy Clause would have been violated had the agreement not provided for reinstatement of the charges. Moreover, *Adamson* did not involve a prosecutor's right to withdraw from an agreement where the court declines to accept its terms.

VI

Defendants next argue that it would deny them due process and fundamental fairness to permit the prosecutor to withdraw from the agreements and reinstate the original charges after defendants have so extensively cooperated with drug enforcement authorities, to the prosecutor's benefit, and have thereby exposed themselves to considerable danger. Defendants assert that this case is different from the usual case involving a charge reduction in exchange for a sentence agreement because here the charge reduction was not based solely on the sentence agreement, but was also based on

defendants' cooperation. Defendants assert that because they have performed valuable services for the prosecutor, the plea agreements cannot be vacated.

### A

We agree that it would be fundamentally unfair, in some circumstances, to permit reinstatement of the original charges after a prosecutor has obtained the benefit of a defendant's compliance with the plea agreement. In such a case, specific performance of the agreement is available, at the defendant's option. The rule set forth in *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971) (see n 5, *supra*), and adopted by this Court, is that once a trial court accepts a plea induced by an agreement with a prosecutor, the terms of that agreement must be fulfilled. *People v Nixten,* 183 Mich App 95, 97; 454 NW2d 160 (1990). Depending on the circumstances of the case, the remedy for failure to fulfill the agreement may be plea withdrawal, or it may be specific performance. *Santobello,* 404 US 263. Normally, the choice of remedy is within the court's discretion, though a defendant's preference is to be accorded considerable weight. *Nixten* at 97. Here, defendants' pleas and cooperation clearly rested in "significant degree on a promise or agreement of the prosecutor" that was "part of the inducement or consideration," and defendants are entitled to fulfillment of the agreement, if they so choose. *Santobello,* 404 US 262.

### B

Defendants argue that offering them specific performance is not adequate, and indeed they do

not want specific performance, because the prosecutor does not have a right to a specific sentence and knew when the pleas were offered that the trial judge did not regard itself as being bound by the agreements.

When the pleas were placed on the record, there was no discussion of the possibility of departing from the sentence agreements. At Oatman's plea proceeding, the prosecutor drew the judge's attention to the twenty-to-thirty-year sentence agreement and recognized that "the court does not enter into plea agreements with the parties." The judge acknowledged the twenty-to-thirty-year sentence agreement and observed that it was redundant because "that's the required sentence." At Siebert's plea proceeding, the written agreement was referred to and there was some discussion whether twenty to thirty years was the mandatory sentence then in effect. The judge accepted both pleas. It was not until one year later, when the scheduling of the sentence hearings was discussed, that the judge stated that he did not feel bound by the sentence agreements and might impose sentences lower than the agreed-upon twenty-to-thirty-year terms. At that juncture, the prosecutor acknowledged the court's right to reject the sentence agreements, but asserted that the people would have a right to withdraw should it do so. While the prosecutor certainly knew that the court retained sentencing discretion under *Killebrew,* he cannot be faulted for waiting until after the sentences were imposed to seek to withdraw the pleas, because it was not until the sentences were imposed that the prosecutor knew that the agreements had been rejected by the court.

C

Defendants conclude that because the court re-

tains complete sentencing discretion under *Kille-brew,* the people do not have a right to a specific sentence, and the defendants have a right to the benefit of the court's sentencing discretion.

We agree that a sentencing court has the exclusive authority to determine the appropriate sentence, in that neither a prosecutor nor a defendant can dictate the sentence, either separately or by agreement. Thus, a sentencing court has the right to reject a sentence agreement presented by a prosecutor and a defendant. In this sense, neither a prosecutor nor a defendant has a right to a specific sentence. It does not follow, however, that a defendant has a right to the benefit of a court's discretion to sentence leniently where the charge sentenced upon is a reduced charge offered by a prosecutor in exchange for a particular sentence. In that circumstance, the judicial right to exercise sentencing discretion must be balanced with the charging rights of a prosecutor and the rights of a defendant. A defendant's right to have a court exercise sentencing discretion can be bargained away in exchange for a reduced charge and a specific sentence. Having entered into such bargains, defendants in the present case cannot assert that they had a right to have the court exercise sentencing discretion regarding the reduced charge.

D

Lastly, defendants argue that because it would be fundamentally unfair to permit the prosecutor to reinstate the original charges after defendants have so fully cooperated with drug enforcement authorities, and because a judge cannot be compelled to impose a particular sentence and thus

specific performance is not proper, the only permissible alternative is to let the sentences stand. We reject this argument, because its second premise is flawed.

There are circumstances where specific performance is required, notwithstanding a court's sentencing discretion, because a defendant's performance and reliance renders it fundamentally unfair to permit reinstatement of the original charges. We have recognized in Part VI (A), *supra,* that this is such a case and defendants are entitled to specific performance of the sentence agreements, notwithstanding the court's disapproval of the sentence, should defendants so choose. This accommodation adequately protects the defendants' rights. To go further and conclude that a court's right to sentence as it sees fit requires that the plea convictions and sentences in the instant case be affirmed, notwithstanding the prosecutor's motion to withdraw from the agreements, goes beyond what is necessary to protect defendants and infringes on the rights of the prosecutor and the people.

## VII

We conclude that the trial court erred in denying the prosecutor's motion to withdraw from the plea agreements after the court accepted the pleas without honoring the sentence agreements. When the court sentenced defendants to terms of years less than those set forth in the sentence agreements, the prosecutor then had a right to withdraw from the agreements, subject to defendants' right—arising from their performance of the provisions of the agreements requiring that they cooperate with state and federal drug investigations by providing information, testimony, and other assis-

tance—to specific performance of the agreements, at their option.[18]

The judgments entered by the trial court are vacated, and the cases are remanded to the trial court. The prosecutor shall be permitted to withdraw from the plea agreements unless the defendants elect to reaffirm their pleas of guilty to the reduced charge and to be sentenced to the term of years set forth in the agreement. Each defendant is entitled to his own election. If a defendant so elects, he shall be so sentenced. If he does not so elect, the prosecutor shall be permitted to reinstate the original charges against him.

. Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[18] We recognize that defendants did not ask the trial court for specific performance and do not seek such relief on appeal. Nevertheless, they are entitled to that option on remand if they so choose. Because the trial court denied the prosecutor's motion to withdraw, there was no reason to seek specific performance from the trial court, and the trial court did not provide defendants an opportunity to elect whether to stand trial on the original charges or to reaffirm their pleas to the reduced charges and consent to be sentenced in accordance with the agreements. Similarly, on appeal defendants seek to have their plea convictions and sentences affirmed. They have not, under the circumstances, waived their right to elect specific performance should they so choose.