PEOPLE v GROVE

Docket No. 161031. Submitted October 6, 1994, at Marquette. Decided
February 6, 1995, at 9:50 A.M.

Richard W. Grove pleaded guilty in the Delta Circuit Court,
Robert E. Goebel, J., to one count of fourth-degree criminal
sexual conduct. He agreed to plead guilty in exchange for
dismissal of one count of first-degree criminal sexual conduct
and one count of second-degree criminal sexual conduct and the
prosecutor's promise to recommend that his sentence not ex-
ceed one year in the county jail. The trial court took the plea
under advisement and ordered the preparation of a presentence
investigation report. After reviewing the report, the court
rejected the plea agreement and the guilty plea. Following a
jury trial regarding two counts of first-degree criminal sexual
conduct and one count of second-degree criminal sexual con-
duct, the defendant was convicted of one count of second-degree
criminal sexual conduct. The court, Dean J. Shipman, J.,
imposed a sentence of forty months' to fifteen years' imprison-
ment. The defendant appealed.

The Court of Appeals *held:*

1. A trial court's discretion to refuse to accept a guilty plea is
contingent on the terms of the parties' plea agreement. A trial
court retains the option to reject a defendant's guilty plea only
when the plea agreement includes a specific sentence agree-
ment. The court may not reject a guilty plea based on a plea
agreement that includes a sentence recommendation by the
prosecutor but must, instead, state the sentence that it finds to
be appropriate and give the defendant an opportunity to accept
that sentence or withdraw the guilty plea.

2. The trial court abused its discretion in refusing to accept
the defendant's plea of guilty of one count of fourth-degree
criminal sexual conduct. The conviction of second-degree crimi-
nal sexual conduct must be reversed and the case must be
remanded to the trial court. On remand, the trial court must
permit the defendant to plead guilty of fourth-degree criminal

REFERENCES

Am Jur 2d, Criminal Law §§ 484, 486.
See ALR Index under Guilty Plea.

sexual conduct in exchange for a sentence consistent with the terms of the parties' previous plea agreement. If the trial court elects to reject the recommended sentence, it must state the sentence it finds appropriate and give the defendant the opportunity to affirm or withdraw his guilty plea.

Reversed and remanded.

CRIMINAL LAW — PLEA BARGAINS — GUILTY PLEAS — SENTENCE AGREEMENTS — SENTENCE RECOMMENDATIONS.

A trial court's discretion to refuse to accept a guilty plea is contingent on the terms of the parties' plea agreement; a trial court may reject a defendant's guilty plea only where the plea agreement includes an agreement for a specific sentence; a trial court may not reject a guilty plea where the plea agreement includes a sentence recommendation by the prosecutor but, instead, must state the sentence that it finds to be appropriate and give the defendant the opportunity to accept that sentence or withdraw the guilty plea (MCR 6.302[C][3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Thomas L. Smithson,* Prosecuting Attorney, and *Steven B. Flancher,* Assistant Attorney General, for the people.

*Lester O. Pollak,* for the defendant on appeal.

Before: GRIFFIN, P.J., and SAWYER and R. L. ZIOLKOWSKI,* JJ.

GRIFFIN, P.J. Following a jury trial, defendant was convicted of one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). He was sentenced to forty months' to fifteen years' imprisonment. Defendant now appeals as of right. We reverse.

On August 2, 1991, defendant pleaded guilty to one count of fourth-degree criminal sexual conduct, MCL 750.520e; MSA 28.788(5). Defendant agreed to plead guilty to the charge in exchange for the prosecutor's promise to recommend that

_____

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

his sentence not exceed one year in the county jail. In addition, the prosecutor agreed to dismiss one count of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and one count of second-degree criminal sexual conduct. The trial court took the plea agreement under advisement and ordered the preparation of a presentence investigation report (PSIR). On October 8, 1991, the trial court rejected the plea agreement and underlying guilty plea after reviewing the PSIR:

> The Court has had the benefit of reading the presentence report, and I've had a conference with counsel and Mr. Ayotte of the corrections department in chambers. I noted to them that I had read the defendant's version of the incident, as well as the victim's version, and had read her recommendation. I noted that there was a wide disparity between the victim's version of what had happened, the length of time it had gone on, versus that of the victim [sic]. I noted the victim recommended prison time and the cap as recommended by the prosecutor would not allow for prison time. I indicated that I thought I had the discretion, having taken the plea under advisement, and needed to first rule on whether or not I would accept the guilty plea. I indicated in chambers that it was not my intent to accept the guilty plea. I do not feel it would be in the interest of justice. I feel that there is such a wide disparity between what the victim claims had happened, as opposed to what the defendant claimed had happened, and the victim's desire of a prison term that it would not be fair and in the interest of justice to accept this matter plea bargained to fourth degree.

Following the trial court's refusal to accept defendant's guilty plea, he was tried on two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct.

The narrow issue we address on appeal is

whether a trial court is able to exercise its discretion to refuse to accept a guilty plea underlying a plea agreement that includes a prosecutorial sentence recommendation.

In resolving this issue, we find dispositive the interplay between MCR 6.301(B) and MCR 6.302(C)(3). MCR 6.301(B) provides that "[a] defendant may enter a plea of nolo contendere only with the consent of the court." The staff comments to MCR 6.301(B) set forth the history of this provision and its intended purpose:

> Subrule (B) is a modification of a provision in former 6.101(F). The former rule provided that the court's consent was required before a defendant would be permitted to plead guilty or nolo contendere. Subrule (B) has deleted the requirement for the court's consent to a plea of guilty. The consent provision in the former rule has been construed as giving the trial court the discretion to refuse to accept a guilty plea because of disagreement with the plea bargain agreed to by the prosecutor and the defendant. See *People v Ott,* 144 Mich App 76 (1985). *Accordingly, deletion of the consent provision indicates that the trial court may not refuse to accept a guilty plea based solely on disagreement with the wisdom of the plea, of the charge, or of the plea bargain, unless the bargain is conditioned on the court's agreement to some provision, such as sentence disposition. See 6.302(C)(3).* As is noted in subrule (A), however, the court may refuse to accept a plea based on noncompliance with a requirement in these rules. [Emphasis added.]

In contrast, MCR 6.302(C)(3) incorporates and clarifies the sentence-bargaining procedures articulated in *People v Killebrew,* 416 Mich 189, 206-212; 330 NW2d 834 (1982), regarding a trial court's options when faced with a plea agreement that

includes a specific sentence disposition or a prosecutorial sentence recommendation:

> (3) If there is a plea agreement and its terms provide for the defendant's plea to be made in exchange for a specific sentence disposition or a prosecutorial sentence recommendation, the court may
>
> (a) reject the agreement; or
>
> (b) accept the agreement after having considered the presentence report, in which event it must sentence the defendant to the sentence agreed to or recommended by the prosecutor; or
>
> (c) accept the agreement without having considered the presentence report; or
>
> (d) take the plea agreement under advisement.
>
> If the court accepts the agreement without having considered the presentence report or takes the plea agreement under advisement, it must explain to the defendant that the court is not bound to follow the sentence disposition or recommendation agreed to by the prosecutor, and that if the court chooses not to follow it, the defendant will be allowed to withdraw from the plea agreement.

Although not addressed by MCR 6.302(C)(3), this Court in *People v Siebert,* 201 Mich App 402, 410-411; 507 NW2d 211 (1993), lv gtd 446 Mich 865 (1994), set forth the substantive distinctions recognized in *Killebrew* between a plea agreement that includes a specific sentence disposition and one containing a prosecutorial sentence recommendation:

> A sentence recommendation is but a recommendation, without agreement by the court. *Killebrew* at 208. There is no promise of a specific sentence, and the court's sentencing discretion is completely unfettered. The court may accept the guilty plea, yet refuse to be bound by the sentence recommendation. The only restriction, set forth both in

*Killebrew* and in the court rule, is that if the court does not follow the sentence recommendation, the defendant must be given an opportunity to withdraw the guilty plea. A sentence agreement is, however, an agreement for a specific sentence. Under *Killebrew,* the court has the option of accepting the plea and imposing the agreed-upon sentence, or rejecting the plea. *Killebrew* at 207. *Killebrew* took great care to distinguish sentence agreements from sentence recommendations and did not state an option of accepting a plea involving a sentence agreement and imposing a different sentence subject to the defendant's affirmance of the plea, as is the case with a sentence recommendation.

On the basis of *Killebrew* and our reading of the staff comments to MCR 6.301(B), we find unpersuasive the people's argument that MCR 6.302(C)(3) gives a trial court the discretion to refuse to accept a defendant's guilty plea. Unlike MCR 6.301(B), MCR 6.302(C)(3) refers to a trial court's acceptance or rejection of a plea agreement rather than the underlying guilty plea itself. Further, although we recognize that MCR 6.302(C)(3) allows a trial court to reject a plea agreement based upon a prosecutorial sentence recommendation, it is silent regarding the underlying plea.

In our view, both *Killebrew* and the staff comments to MCR 6.301(B) recognize that a trial court's discretion to refuse to accept an underlying guilty plea is contingent on the terms of the parties' plea agreement. Under the sentence-bargaining procedures articulated in *Killebrew,* a trial court retains the option to reject a defendant's underlying guilty plea only when the plea agreement includes a specific sentence disposition. In contrast, *Killebrew* requires a trial court that rejects a plea agreement that includes a sentence recommendation to state the sentence that it finds

to be appropriate and give the defendant the opportunity to withdraw the guilty plea. See also *People v Cobbs,* 443 Mich 276, 282; 505 NW2d 208 (1993). In short, neither *Killebrew* nor MCR 6.302(C)(3) gives a trial court the discretion to reject a guilty plea underlying a plea agreement that includes a prosecutorial sentence recommendation.

Further support for this position is found in the staff comments to MCR 6.301(B). The staff comments indicate that a trial court may exercise its discretion to refuse to accept a guilty plea only when the plea agreement "is conditioned on the court's agreement to some provision, such as sentence disposition." As noted in *Killebrew,* the chief distinction between a sentence recommendation and a sentence agreement is that a prosecutorial "recommendation" does not bind the court. Thus, unlike a plea agreement where a defendant agrees to plead guilty in exchange for a specific sentence disposition, a prosecutorial sentence recommendation does not require mutual agreement by the court.

In summary, we conclude that the trial court abused its discretion in refusing to accept defendant's plea of guilty of one count of fourth-degree criminal sexual conduct. We reverse defendant's conviction of second-degree criminal sexual conduct and remand the case to the circuit court. On remand, we instruct the trial court to permit defendant to plead guilty of fourth-degree criminal sexual conduct in exchange for the terms of the parties' previous plea agreement. If the trial court elects to reject the recommended sentence, then it must state the sentence it finds appropriate and give defendant the opportunity to affirm or withdraw his guilty plea.

Our resolution of this issue renders it unneces-

sary to address defendant's remaining issues on appeal.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.